13019

SAMPLE v. BEDENBAUGH *ET AL.*
LANGFORD v. SAME
MITCHELL v. SAME

(155 S. E., 828)

March, 1930.

*Messrs. George B. Cromer, J. B. Hunter* and *B. V. Chapman* for appellants

*Messrs. Timmerman & Graham, B. W. Crouch* and *Griffith & Griffith,* for respondents,

November 6, 1930.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE MENDEL L. SMITH.

These three actions, identical except as to the name of the plaintiff, were commenced in the County of Saluda, on January 20, 1930, for damages for the utterance and publication in *The Herald and News,* a newspaper published in the County of Newberry and having a general and wide circulation in the County of Newberry and adjacent counties, of an alleged libelous communication.

The three cases were heard together in the Circuit Court and in this Court under a common transcript of record.

The case first stated will be considered; what shall be said in reference to it and the judgment ordered shall apply equally to the other two cases.

All of the defendants, thirty-six in number, except the defendant Ira B. Armfield, who is a member of a partnership that publishes the said newspaper, are admittedly citizens of the County of Newberry. It also appears that these plaintiffs have actions growing out of the same transaction now pending in the County of Newberry against the same defendants, except that J. W. Ehrhardt, publisher of the *Newberry Observer,* another newspaper published in the town of Newberry, is a defendant in place of the defendant Armfield.

On the third day of March, 1930, the defendants submitted a motion to Honorable John S. Wilson, at his chambers, at Edgefield, to change the place of the trial to Newberry County upon the grounds: (1) That the action was not brought in the proper county, and (2) that the convenience of witnesses and the ends of justice would be promoted by the change. The motion was denied, and this appeal is from that order.

Under the provisions of Section 382 of the Code of Civil Procedure 1922, the circuit Judge is authorized to change the place of trial in a civil action upon due application therefor (1) when the action is not brought in the proper county, (2) where there is reason to believe that an impartial trial cannot be had in the designated county, and (3) when the convenience of witnesses and the ends of justice would be promoted by the change.

Section 378 of the Code of Civil Procedure 1922 also provides, in part, that in all cases not specifically provided for in the two preceding sections (376 and 377), and in certain subsequent sections relating to suits by and against insurance companies, other actions "shall be tried in the

county in which the defendant resides at the time of the commencement of the action; and if there be more than one defendant, then the action may be tried in any county in which one or more of the defendants to such action resides at the time of the commencement of the action."

It has been well settled in this state, as elsewhere, that place of residence is a question of fact and depends upon the intention of the party as evidenced by his acts and declarations *(Barfield v. Coker,* 73 S. C., 181, 53 S. E., 170; *Laney v. Gregory,* 101 S. C., 144, 86 S. E., 3), and the finding of the circuit Judge is conclusive thereon unless there is a total failure of testimony to support 'it *(Barfield v. Coker, supra; LeHardy v. Dibble,* 80 S. C., 482, 61 S. E., 950).

There was testimony offered at the hearing of the motion to show that about three days before the institution of these actions the defendant Armfield, in response to an inquiry by Messrs. B. W. Crouch and Jeff D. Griffith, attorneys for the plaintiff, stated to them "that he had never removed his citizenship or residence from Saluda County and that he was a citizen of said Saluda County, and while he spent a large portion of his time away from Saluda he still considered himself a citizen of Saluda County." This defendant was advised by these attorneys that this action was contemplated and that he would be made a party defendant. He therefore evidently knew that his answer to the inquiry concerning his residence was made with a view of determning the venue of the action. He further stated at the same time "that he had always voted in Saluda County since coming to Saluda and expected to continue to vote in said county," which statements are not denied by him in his submitted affidavit. He also stated in his affidavit that it was "technically true," as was alleged in the complaint, that he was "a citizen and resident of Saluda County," although he spent most of his time in Newberry

and had listed himself as liable for the payment of a poll tax in said county.

It is therefore quite apparent that the contention of appellants that the motion should have been granted upon the ground that the action was not brought in the proper county cannot. be sustained. The finding of the Circuit Judge thereon is not without the support of relevant and competent evidence.

The next and final inquiry is whether the action, having been thus properly brought in the county of Saluda, should have been removed upon the showing made to the county of Newberry for the convenience of witnesses and the promotion of the ends of justice.

It is essential to the support of a motion to change the place of trial, based upon the grounds just stated, to establish by competent evidence the existence of both conditions. It is not sufficient to show that the mere convenience of the witnesses will be promoted by the change or the ends of justice will be thereby promoted, but the circuit Judge should be controlled in the exercise of his judicial discretion by the plain words of the statute, and both requirements of the same must be met. *Utsey v. Railway Company,* 38 S. C., 405, 17 S. E., 141.

It has likewise been determined that the movant in such motions cannot rely merely on the beliefs, opinions, and conclusions of the witnesses offered in support of the motion without a disclosure of the evidence relied on. *Adams et al. v. Fripp et al.,* 108 S. C.. 234, 99 S. E., 109.

It is equally well settled in this State that a motion to change the place of trial upon this statutory ground is addressed to the sound judicial discretion of the circuit Judge (40 Cyc., 136, *Gower v. Thomson,* 6 S. C., 313; *Barfield v. Coker, supra; Adams et al. v. Fripp, supra; Panama, etc., v. Savings Bank,* 115 S. C., 290, 105 S. E. 444), which will not be disturbed by the Court except in cases of manifest error.

It will serve no useful purpose to attempt an extended discussion of the evidence offered. It is sufficient to observe that the application of the legal test referred to, at least, to some of the affidavits submitted in support of the motion and a careful examination of the entire record submitted, clearly show that the order of the circuit Judge denying the motion was not manifestly erroneous.

It is therefore the judgment of this Court that the order of the Circuit Court be, and the same is hereby, affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.