13742

GRIFFIN v. OWENS *ET AL.*
BRIDWELL v. SAME
CALDWELL v. SAME

(172 S. E., 221)

*Messrs. Herbert & Dial, G. Duncan Bellinger* and *Joseph L. Nettles,* for appellants,

*Messrs. Johnston & Williams* and *Lyles & Daniel,* for respondents,

January 2, 1934.

The opinion of the Court was delivered by Mr. Acting Associate Justice W. C. Cothran.

These three actions were commenced in November, 1931, and grew out of an automobile accident which occurred in the County of Spartanburg. The plaintiffs are residents of Spartanburg County, and the defendant Owens is a resident of Richland County. The automobile which, it is alleged, caused the damage was not attached.

The suits were brought in Spartanburg County, and shortly thereafter the defendant Owens obtained an order from the Court of Common Pleas of Spartanburg County

transferring the case to Richland County for trial upon the ground that he (Owens) was a resident of Richland County. Thereafter the plaintiffs made a motion before Circuit Judge Grimball for an order changing the place of trial from Richland County to Spartanburg County upon the ground that the convenience of the witnesses and the ends of justice would be promoted by such change. Judge Grimball granted the motion, and this appeal is from his order.

The principal facts, to wit, that the accident occurred in Spartanburg County, and that the defendant Owens is a resident of Richland County, are not disputed, and two sections of the Code are relied upon by the parties. The first section, to the effect that the suit must be tried in the county where the defendant resides (Code 1932, § 422), is relied upon by the defendants, and the other section, to the effect that the place of trial may be removed when the convenience of witnesses and the ends of justice would be promoted, is relied upon by the plaintiffs (Code 1932, § 426(3)). Numerous affidavits were filed in the cause, and every reasonable effort was brought to bear upon the Circuit Judge to control his discretion, it being admitted that his decision would be based upon his sound legal discretion.

We cannot say that the record shows any arbitrary or capricious exercise of that wise discretion which is vested in him by the law of the State. He considered the number and character of witnesses involved, the financial condition of the parties, and came to the conclusion that the ends of justice would be promoted by a trial of the cases in Spartanburg County. This Court will not interfere with the discretion exercised by a Circuit Judge unless it is convinced that the action of the Circuit Judge was so opposed to a sound discretion as to amount to a deprivation of the legal rights of the complaining party. We are not convinced to this extent in the present case; in fact, in our opinion, the discretion of the trial Judge was, not only judiciously, but was wisely, exercised.

The judgment of this Court is that the order of the Circuit Court be affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.