16796

WILSON v. SOUTHERN FURNITURE CO.

(78 S. E. (2d) 890)

*Messrs. Legge & Gibbs,* and *Hagood, Rivers & Young,* all of Charleston, *for Appellant,*

*Messrs. Thos. P. Bussey* and *William C. Ehrhardt,* of Charleston, *for Respondent,*

November 10, 1953.

STUKES, Justice.

This appeal is from refusal of defendant's motion to change the place of trial from Charleston County (the defendant's residence, where the action was properly brought and should ordinarily be tried) to Beaufort County, which was made under the statute which is now Sec. 10-310 of the Code of 1952, upon the grounds that it would serve the convenience of witnesses and promote the ends of justice. Subsection (3). The order under appeal does not specify which ground appellant failed to establish to the satisfaction of the Court, or whether both. It may, therefore, be fairly assumed that it was intended to refuse the motion on both grounds, although either would have sufficed for refusal. See the many cases cited in the footnotes in 1 Code of 1952, pages 631, 632.

The action is for damages for injuries to person and property which resulted from a collision on Dec. 13, 1949, near Gardens Corner in Beaufort County, between respondent's automobile and appellant's delivery truck. Respondent and his passenger, at the time of the collision, resided in New York and appellant is a South Carolina corporation with its principal place of business in the City of Charleston, Charleston County. The driver of its truck and his helper are residents of Charleston. Respondent was

treated by a Charleston doctor and afterward by New York physicians. It appears that there were no eyewitnesses to the accident except the occupants of the vehicles, who were two in each and none of them is a resident of Beaufort County. Immediately after the collision a panel truck ran into the wreckage of the automobile. It was occupied by several people from Walterboro, which is approximately equidistant from Beaufort and Charleston.

Appellant made its motion upon affidavits which established that several Beaufort County residents were near the scene of the collision and would be witnesses for appellant concerning the atmospheric conditions that existed at the time which, apparently admittedly, were a contributing cause of the mishap, and as to the positions of the vehicles afterward, etc.; further that the highway patrolman who investigated the accident is a resident of Beaufort; and that a Beaufort surveyor and photographer have been engaged by appellant in its behalf; and the convenience of all of these witnesses would be better served if the trial should be had in Beaufort, rather than Charleston. In opposition, affidavits in behalf of respondent establish the residence of appellant, its truck driver and helper, in Charleston, and that two other persons who happened to be near the scene of the accident live in Charleston County; the equidistance of the residence of the Walterboro occupants of the third vehicle which was involved, mentioned above; that respondent has engaged a Charleston surveyor and photographer who would be inconvenienced by attendance upon trial at Beaufort; the Charleston and New York residence of the doctors who will testify; and that train and plane connections from New York are, in effect, incomparably better and faster to Charleston than to Beaufort.

The foregoing is a relatively brief résumé of the respective factual showings of the parties but we think it sufficient to demonstrate that the case for removal of the trial to Beaufort County was at least offset by that made against it, which

justified the discretionary refusal of the motion upon the alleged ground of the promotion of the convenience of the witnesses.

In this situation, affirmance of the order must follow without the necessity of consideration of the second required factor—the promotion of the ends of justice. Moreover, the disposition of such a motion is within the discretion of the hearing court and the exercise of it will not be disturbed on appeal in the absence of an abuse of discretion unless it is, in the words of the opinion in *Griffin v. Owens,* 171 S. C. 276, 172 S. E. 221, 222, "so opposed to a sound discretion as to amount to a deprivation of the legal rights of the complaining party." See also *Wade v. Southern Ry. Co.,* 186 S. C. 265, 195 S. E. 560. The test for reversal was stated to be "manifest error" in *Sample v. Bedenbaugh,* 158 S. C. 496, 155 S. E. 828. This was repeated and followed in *Landrum v. State Highway Department,* 168 S. C. 139, 167 S. E. 164, in which action was retained for trial in Greenville County which arose out of an accident in Richland County and the situation with respect to local witnesses was about as is contended by appellant to exist in the case *sub judice.* The rule was adhered to, and additional authorities cited, in the opinion of the court by Acting Associate Justice Lide in *Tucker v. Ingram,* 187 S. C. 525, 534, 198 S. E. 25.

It was said in *Frost v. Protective Life Ins. Co.,* 199 S. C. 349, 353, 19 S. E. (2d) 471, 473: "Motions of this character are addressed to the discretion of the lower Court, and its ruling will not be disturbed unless it appears from the facts presented that the Court in the exercise of a sound judicial discretion committed manifest legal error. *Patterson v. Charleston & W. C. R. [Co.],* 190 S. C. 66, 1 S. E. (2d) 920; *Roof v. Tiller,* 195 S. C. 132, 10 S. E. (2d) 333, 132 A. L. R. 500. Judicial discretion is an elastic, relative term, and any attempt to define it is generally regarded as a difficult and dangerous undertaking. As was said in *Norris v. Clinkscales,* 47 S. C. 488, 25 S. E. 797, 801: 'The term "discre-

tion" implies the absence of a hard and fast rule. The establishment of a clearly-defined rule would be the end of discretion.' Discussing the same subject, the Court stated in *Bishop v. Jacobs,* 108 S. C. 49, 93 S. E. 243: 'It is true one judge might exercise his discretion one way, and another judge might exercise it another way, on the same state of facts. In the nature of the case, then, there must be latitude in which the judicial discretion may move   *   *   *.' "

There are later decisions of some relevancy and all of them which were cited in the briefs, and others, have been read and considered with care; and we do not think any one of them is a precedent for reversal of the order under appeal, or any of opposite result is close enough in facts to warrant the prolongation of this opinion to point out the differences and resulting distinctions. Our latest cases on the subject, both of which affirmed the orders of the hearing judges, are *Haigler v. Westbury,* S. C., 77 S. E. (2d) 207, and *Hayes v. Clarkson,* S. C., 78 S. E. (2d) 454, the latter just filed and therefore not yet reported.

The possible desirability of inspection by the trial jury of the scene of the collision need not be considered in this case because it goes to the requirement of the promotion of the ends of justice, which we have found it unnecessary to pass upon. *Gregory v. Powell,* 206 S. C. 261, 33 S. E. (2d) 629. However, it may be said that the record indicates that it is a straight highway, without unusual features, *Wingard v. Sims,* 222 S. C. 396, 73 S. E. (2d) 279, and each litigant has engaged a photographer and surveyor, whose pictures and maps should sufficiently enlighten the jury if controversy should arise concerning features of the locale. Furthermore, trial in Charleston County need not prevent the jury's view of the scene, if ordered in the discretion of the trial judge. It is about eighteen miles from Beaufort and, according to appellant's contention, 60 miles from Charleston; but by measurement of counsel for respondent the latter distance is 53.8 miles. See the corresponding distances in the case of

*Thompson v. State Highway Department,* 221 S. C. 250, 70 S. E. (2d) 241, which were 16 and 69 miles.

The exceptions are overruled and the order affirmed.

BAKER, C. J., and TAYLOR and OXNER, JJ., concur.