17050

MARTHA SHIELDS SIMMONS, Respondent, v. SOL. COHEN, Appellant, and WILLIAM MASCOLA *ET AL.,* Respondents

(88 S. E. (2d) 679)

608

*Messrs. Waring & Brockington,* of Charleston, *for Appellant,*

*Messrs. Buist & Buist,* of Charleston, *for Respondent,*

August 8, 1955.

TAYLOR, Justice.

Action in this case was commenced in the Court of Common Pleas for Charleston County on January 22, 1954, for the sum of $120,000.00 as damages for personal injuries alleged to have been suffered by the plaintiff as the result of an automobile collision.

The complaint alleges that on the afternoon of September 8, 1953, plaintiff was a passenger in an automobile being driven by one Ruth D. Williams on United States Highway No. 17, at a point approximately one-half mile from the Edisto River Bridge (on the Charleston County side) when the automobile in which she was riding collided with an automobile operated by the defendant, William Mascola; that at the same time and place, a truck belonging to the defendant, Sol Cohen, and operated by his agent and servant, Isaac Bryan, was stopped in the middle of the paved portion of the southbound traffic lane without any markers or devices to warn approaching vehicles; that the truck owned and operated by the defendant, A. V. Roberge, was at the same time and place stopped behind the truck of the defendant, Cohen; that the defendant, Mascola, drove around the trucks of the defendants, Cohen and Roberge, over to his left-hand side of the highway into the path of the automobile in which plaintiff was approaching from the opposite direction while on its right-hand side of the highway; that as a result of the joint and concurrent negligence, carelessness, recklessness, willfulness and wantonness of the defendants, their agents and servants, the plaintiff was seriously injured.

The defendants' answers to the complaint generally deny the material allegations and all deny that the plaintiff is entitled to recover.

The defendant, Cohen, served notice of his intention to move for a change of venue from Charleston County to

Colleton County, upon the grounds that the venue was improperly laid in Charleston County, in that the defendant, Cohen, is and at all relevant times was a resident of Colleton County and in that the defendant, Roberge, had been joined as a party defendant for the mere purpose of laying the venue in Charleston County rather than Colleton County and upon the further ground that the convenience of witnesses and the ends of justice would be promoted by the change.

It is apparent upon the face of the complaint and admitted by the various answers, that the defendant, Cohen, is a resident of Colleton County; that the defendant, Mascola, is a resident of the State of New York; and that the defendant, Roberge, is a resident of the County of Charleston.

The motion was heard by the Honorable William H. Grimball, resident Judge of the Ninth Judicial Circuit at which time the defendant, Cohen, and the plaintiff presented a number of affidavits in support of their respective positions.

By his Order of September 10, 1954, Judge Grimball denied the defendant Cohen's motion for a change of venue, and he appeals upon exceptions which present the two questions of:

I. Did the Circuit Court err in refusing to change the venue to Colleton County on the ground that the defendant Roberge had been joined as a party defendant merely to lay the venue in Charleston County?

II. Did the Circuit Court err in refusing to change the venue from Charleston County to Colleton County on the ground that the convenience of witnesses and the ends of justice would be promoted by the change?

The hearing Judge having found against the contention of appellant that the defendant, Roberge, had been joined solely for the purpose of laying the venue in Charleston County, his findings are binding upon this Court and will not be disturbed upon appeal unless wholly unsupported by the evidence or manifestly influenced or controlled by error of law. *Peters v. Double Cola Bottling Co.*

*of Columbia,* 224 S. C. 437, 79 S. E. (2d) 710; *Morris v. Peoples Baking Co.,* 191 S. C. 501, 5 S. E. (2d) 286; *Witherspoon v. Spotts & Co.,* S. C., 87 S. E. (2d) 477.

According to the record now before us, the truck of appellant, which was headed south, was stopped in the southbound lane of traffic and the other truck owned and operated by Roberge was stopped immediately to its rear in the same lane of traffic and headed in the same direction when the car driven by the defendant, Mascola, also headed south, drove from behind the trucks into the northbound lane and into the path of the car in which respondent was traveling north. The plaintiff charges that her injuries are the result of the joint and concurrent negligence, carelessness, recklessness, willfulness, and wantonness of these defendants, their agents and servants.

Mascola is a resident of the State of New York; defendant Roberge, a resident of Charleston, South Carolina; and appellant Cohen, a resident of Colleton County, South Carolina. The answers of all deny responsibility with the answer of Roberge, whose truck was immediately behind that of Cohen's also charging Mascola with driving at a high and dangerous rate of speed and not having his car under proper control, etc. The answer of Mascola charges that he was faced with a sudden emergency by the road in front of him being suddenly blocked by the trucks of the other defendants, Cohen and Roberge.

The collision occurred in Charleston County on United States Highway 17, approximately 17 miles from Walterboro and approximately 31 miles from Charleston, where, according to contention of appellant, the road was straight with no obstructions; that had Mascola been keeping a proper lookout with his car under control he could not have helped but see the trucks in the highway in time to avoid the collision; therefore, such acts on the part of the defendant, Mascola, were, as a matter of law, the proximate cause of

the collision and the defendant, Roberge, was made a party defendant for the purpose of venue only.

It is undisputed that the trucks were stopped in the southbound lane of the highway, and it is not for the Court upon a motion for a change of venue to determine what if any degree of negligence might be attributable to each defendant. The respondent has chosen to name all three as defendants. Her complaint states a cause of action against appellant, and we are unwilling to say that the defendant, Roberge, was made a party defendant solely for the purpose of laying the venue in Charleston County and that the hearing Judge in refusing appellant's motion committed reversible error in that his ruling was wholly without support or manifestly influenced or controlled by error of law.

Appellant also contends that it was error to refuse his motion for a change of venue under Paragraph Three of Section 10-310 of the South Carolina Code of Laws for 1952, which provides:

"Changing place of trial.

"The court may change the place of trial in the following cases:

"(1) When the county designated for that purpose in the complaint is not the proper county;

"(2) When there is reason to believe that a fair and impartial trial cannot be had therein; and

"(3) When the convenience of witnesses and the ends of justice would be promoted by the change. * * *"

In *Utsey v. Charleston, etc., R. Co.,* 38 S. C. 399, 17 S. E. 141, this Court interpreted the above statute to the effect that the movant has the burden of making a *prima facie* showing that both the convenience of witnesses and the ends of justice will be promoted. See also *Patterson v. Charleston & W. C. R. Co.,* 190 S. C. 66, 1 S. E. (2d) 920; *Smith v. Atlantic Coast Line R. Co.,* 218 S. C. 481, 63 S. E. (2d) 311; *Landrum v. State Highway Department,* 168 S. C. 139, 167 S. E. 164. Motions of

this character are addressed to the discretion of the lower Court, and its ruling on such matters will not be disturbed unless it appears by the facts presented that the Court committed a manifest abuse of a sound judicial discretion. *Patterson v. Charleston & W. C. R. Co., supra; Wilson v. Southern Furniture Co.,* 224 S. C. 281, 78 S. E. (2d) 890; *Griffin v. Owens,* 171 S. C. 276, 172 S. E. 221; *Wade v. Southern R. Co.,* 186 S. C. 265, 195 S. E. 650; *Sample v. Bedenbaugh,* 158 S. C. 496, 155 S. E. 828.

According to the record at this point, a total of twenty-seven witnesses will be called for appellant and respondent, seventeen of which may be denominated Charleston witnesses and eight as Colleton witnesses, with two of the witnesses being from New York. Of the seventeen witnesses from Charleston County, there are two doctors and four nurses who will be called to testify as to the nature and extent of respondent's injuries and suffering; five members of the Charleston County police department who made the investigation of the collision will also be called; and the two New York witnesses obviously can attend Court in one county as well as the other. Appellant contends that while the Colleton witnesses are less in number their testimony is of more importance than that of the Charleston witnesses. This may well be, but such is not a matter to be determined by the Court at this time. It has repeatedly been held that the ends of justice are promoted by having a jury from the same vicinage pass upon the credibility of the witnesses, *Utsey v. Charleston, etc. R. Co., supra; Patterson v. Charleston & W. C. R. Co., supra;* and we are of the opinion that to require the jury to travel a distance of 31 miles on a paved United States Highway, or a distance of 14 miles farther than from Walterboro to the scene, cannot in anywise be termed an unreasonable hardship on a jury in case it becomes desirable to view the scene of the collision, *Webb v. Southern Ry. Co.,* 221 S. C. 450, 71 S. E. (2d) 12.

We are of the opinion that there was no manifest abuse of judicial discretion by the hearing Judge in refusing appel-

lant's motion for a change of venue upon the grounds that the convenience of witnesses and the ends of justice would be promoted thereby.

For the foregoing reasons, we are of the opinion that all exceptions should be dismissed, the Order appealed from affirmed, and it is so ordered. Affirmed.

BAKER, C. J., and STUKES, OXNER and LEGGE, JJ., concur.