17073

ANN HOLDEN, a Minor, by her Guardian ad litem, IDA C. WORK-MAN, Appellant, v. HARRY M. BEACH, Respondent. IDA C. WORKMAN, Appellant, v. HARRY M. BEACH, Respondent

(89 S. E. (2d) 433)

*Messrs. Williams & Parler,* of Lancaster, *J. D. Parler,* of St. George, and *Murchison & West,* of Camden, *for Appellant,*

*Messrs. Nelson, Mullins & Grier,* of Columbia, and *J. Reuben Long,* of Conway, *for Respondent,*

October 11, 1955.

TAYLOR, Justice.

This appeal arises out of an Order of the Honorable G. Badger Baker refusing to transfer the place of trial from Horry County to Kershaw County, and this decision is controlling in both cases by agreement of counsel.

Action was brought in Kershaw County against respondent, a resident of Horry County, for injuries received by a minor, Ann Holden; said injuries were allegedly brought about through the negligent handling of a mechanical ride owned by respondent and operated at Myrtle Beach in Horry County, South Carolina. Ida C. Workman, mother and guardian of Ann Holden, seeks to recover for medical expenses and loss of services, while the minor, Ann Holden, seeks damages for her injuries, pain and suffering, and future medical expenses. Upon motion of respondent (defendant), the cases were transferred to the County of his residence (Horry) for trial. Appellants thereafter moved before Honorable G. Badger Baker for an order transferring the cases back to Kershaw County upon the grounds that the convenience of witnesses and the ends of justice would be promoted thereby. This motion was resisted by respondent; and affidavits to support their respective positions were submitted, it being agreed between counsel that the affidavits should apply in both cases. The motion was refused and appellants now appeal contending that the hearing Judge abused

his discretion in refusing to change the venue to Kershaw County upon the grounds that (1) the convenience of witnesses would best be served; (2) that the ends of justice would be promoted thereby.

Appellants, in order to prevail, must make a *prima facie* showing that both the convenience of witnesses and the ends of justice will be promoted by the change. *Utsey v. Charleston, etc., R. Co.,* 38 S. C. 399, 17 S. E. 141; *Simmons v. Cohen,* S. C. 88 S. E. (2d) 679. Motions of this character are addressed to the discretion of the lower Court, and its ruling on such matters will not be disturbed unless it appears from the facts presented that the Court committed a manifest abuse of a sound judicial discretion. *Patterson v. Charleston & W. C. R. Co.,* 190 S. C. 66, 1 S. E. (2d) 920; *Wilson v. Southern Furniture Co.,* 224 S. C. 281, 78 S. E. (2d) 890; *Griffin v. Owens,* 171 S. C. 276, 172 S. E. 221; *Wade v. Southern R. Co.,* 186 S. C. 265, 195 S. E. 560; *Sample v. Bedenbaugh,* 158 S. C. 496, 155 S. E. 828; *Simmons v. Cohen, supra.*

On or about April 24, 1954, appellant, Ann Holden, along with her fiance, purchased a ticket which entitled her to ride on a machine known as the "Rollo-Plane" or "Bullet," which was being operated by respondent at Myrtle Beach, South Carolina. The machine operated clockwise, carrying the passengers up and over in a circular motion. The complaint alleges that the machine was operated at a reckless and unusually fast rate of speed causing appellant to be thrown out of her seat and against the safety strap which was improperly adjusted causing it to give and upon completion of the first revolution threw her backward upon the seat fracturing several of the thoracic and lumbar vertebrae of the spine, resulting in appellant, Holden, being paralyzed in both legs with no control of her bowels or kidneys; that she was hospitalized for a period of more than three months and still suffers from such injuries requiring continuous medical and nursing care.

Sometime after the incident complained of but before the hearing of the motion, appellant, Holden, a resident of Kershaw, married D. Jennings Lucas, Jr., a resident of Richland County. The other appellant, Mrs. Ida C. Workman, Guardian *ad Litem* for appellant, Ann Holden, is a resident of Kershaw County. Other witnesses to be offered by appellants will be Dr. John M. Brewer of Kershaw, Dr. A. T. Moore of Columbia, Dr. J. W. Brunson of Camden, Ann Zemp of Camden, and Appellant's husband who was with her at the time of injury. Also, Dr. J. B. Woodhall, who is connected with Duke Hospital at Durham, North Carolina, may testify as to appellant's treatment and condition while a patient there; and an affidavit is submitted to the effect that Camden is more accessible from Durham either by plane or train than Conway in Horry County. However, Dr. Woodhall did not sign an affidavit to the effect that he will attend trial, and it might reasonably be that his testimony will be taken by way of deposition.

The distance from Camden to Conway is 109 miles; from Columbia to Conway, 127 miles; from Columbia to Camden, 32 miles; from Kershaw to Camden, 17 miles; and from Kershaw to Conway approximately 125 miles. From the foregoing, it is seen that appellant, including herself, will have six witnesses from Kershaw County, one from Columbia, and one from Durham, North Carolina. Shortly after appellant's injury, she was attended by Dr. Cary T. DuRant, a practicing physician at Myrtle Beach, South Carolina, who caused appellant to be admitted to the hospital at Conway and attended by Dr. J. D. Gilland of Conway. X-ray examination, containing Roentgenologic and Fluoroscopic findings, was made by Dr. O. R. Russell, a resident of Horry County; and the records covering the period of time appellant was in the hospital at Conway are in the charge of Miss Jacquelyn Benjamin, a resident of Conway. Witnesses, Clarence Williamson and G. L. Glisson, who were employees of respondent and were working in the amusement park at the time of injury, are residents of Myrtle Beach. James Edward

Bryant, Jr., secretary and treasurer of Myrtle Beach Farms Company, a resident of Myrtle Beach, is also listed by the respondent as a material witness. The distance from Myrtle Beach to Conway is 14 miles and from Myrtle Beach to Camden approximately 123 miles. From the foregoing, it is evident that appellants and respondent have approximately an equal number of witnesses. Appellants, however, base their contention mainly upon an affidavit that appellant's, Ann Holden's, injuries are such that she would be greatly inconvenienced by being compelled to travel to Conway. The effectiveness of this contention, while still persuasive, is lessened by the fact that on December 21, 1954, appellant was married to one of her witnesses, D. Jennings Lucas, Jr., and traveled approximately 125 miles to Sullivan's Island, South Carolina, on a honeymoon lasting approximately four days.

The right of a defendant in a civil action to trial in the county of his residence, assured him under Section 10-303 of the South Carolina Code of Laws of 1952, is a substantial right, *Wood v. Lea,* 219 S. C. 409, 65 S. E. (2d) 669, and this Court has repeatedly held that a jury of the vicinage passing upon the credibility of the witnesses is in itself promotion of justice, *Utsey v. Charleston, etc., R. Co., supra; Patterson v. Charleston & W. C. R. Co., supra.*

In the instant case, trial has been ordered in the county where respondent resides, the number of witnesses on each side are approximately the same, and the device upon which appellant was riding at the time of her injuries is located at Myrtle Beach in said county where the jury may view it if it so wishes. While it unquestionably would be more convenient to appellants to have the place of trial moved to Kershaw County, it would at the same time be more convenient to respondent to attend Court in Horry County; and this Court is unwilling to say that the hearing Judge under these circumstances committed a manifest abuse of a sound judicial discretion in denying appellants' motion

that the cases be transferred to Kershaw County on the grounds that the convenience of witnesses and the ends of justice would be promoted by the change.

We are, therefore, of the opinion that the appeal should be dismissed, the Order appealed from affirmed; and it is so ordered. Affirmed.

STUKES, OXNER and LEGGE, JJ., and JOSEPH R. MOSS, Acting Associate Justice, concur.