17219

WILLIAM V. DISON, JR., as Administrator of the Estate of William V. Dison, Sr., Deceased, Respondent, v. ALTON WIMBLY, Appellant. WILLIAM V. DISON, JR., as Administrator of the Estate of Annie Black Dison, Deceased, Respondent, v. ALTON WIMBLY, Appellant

(94 S. E. (2d) 877)

188

*Messrs. Hope, Willcox & Cabaniss,* of Charleston, *for Appellant,*

*Messrs. J. D. Parler and N. H. Hamilton,* of St. George, *for Respondent,*

November 7, 1956.

TAYLOR, Justice.

This appeal arises out of an Order of the Honorable Steve C. Griffith, presiding Judge of the Court of Common Pleas for Aiken County, granting plaintiff's motion to transfer the place of trial from Aiken County to Dorchester County on the grounds that the convenience of witnesses and the ends of justice would be promoted thereby. Section 10-310, Code of Laws of South Carolina, 1952.

Two actions were commenced in Dorchester County on or about the first day of December, 1955, for the wrongful deaths of plaintiff's intestates, arising out of a collision between an automobile driven by Appellant Wimbly and one driven by the late Annie Black Dison. The collision occurred

on Highway 78, approximately 14 miles east of the town of St. George in Dorchester County.

Appellant, a resident of the County of Aiken, successfully moved before the Honorable James M. Brailsford, for a change of venue from Dorchester County to Aiken County, on the ground that he was a resident of Aiken County. Respondent then moved that the place of trial be changed to Dorchester County, where the collision occurred, upon the grounds that the convenience of witnesses and the ends of justice would be promoted thereby. Section 10-310, subsection (3), of the Code of Laws of South Carolina, 1952.

Plaintiff's intestates were the only occupants of the Dison car and Appellant the only occupant of his car. The Respondent lists as his witnesses the highway patrolman, who investigated the accident, the sheriff of Dorchester County, a deputy sheriff of Dorchester County, a doctor, a surveyor, a photographer, and a man named Turner, who lives near the scene of the collision but at the time of the hearing had not been contacted, all of Dorchester County. Three of these witnesses live at Summerville, South Carolina, or approximately twenty-seven miles from the Dorchester County Courthouse and approximately one hundred and five miles from Aiken. Three reside in the town of St. George, the Dorchester County seat, and approximately seventy-seven miles from Aiken. There can be no question but what the convenience of witnesses preponderates in favor of trial being held in Dorchester County. From the affidavits of the sheriff and a member of counsel for Respondent, it appears that the place where the collision occurred is unusual, and it would be beneficial to have the jury visit the scene. This is controverted by affidavit of one of Appellant's counsel to the effect that the scene of the accident "presents no peculiarities that would require a visit to the scene by the jury and that the scene can well be represented by the photographs, which have been made by the Attorneys for the Plaintiff and the Defendant * * *."

The moving party in order to prevail must make a *prima facie* showing that both the convenience of witnesses and the ends of justice will be promoted by the change, *Utsey v. Charleston, S. & N. R. Co.,* 38 S. C. 399, 17 S. E. 141; *McCarty v. Bolick,* 216 S. C. 396, 38 S. E. (2d) 338; *Simmons v. Cohen,* 227 S. C. 606, 88 S. E. (2d) 679; *Holden v. Beach,* 228 S. C. 234, 89 S. E. (2d) 433; and motions of this character are addressed to the discretion of the lower Court, and its ruling on such matters will not be disturbed unless it appears from the facts presented that the Court committed a manifest abuse of a sound judicial discretion. *Patterson v. Charleston & W. C. R. Co.,* 190 S. C. 66, 1 S. E. (2d) 920; *Wilson v. Southern Furniture Co.,* 224 S. C. 281, 78 S. E. (2d) 890; *Griffin v. Owens,* 171 S. C. 276, 172 S. E. 221; *Wade v. Southern R. Co.,* 186 S. C. 265, 195 S. E. 560; *Sample v. Bedenbaugh,* 158 S. C. 496, 155 S. E. 828; *Simmons v. Cohen, supra;* and *Holden v. Beach, supra.*

In the instant case, trial has been ordered in the county in which the collision occurred, and all of the witnesses are residents with the exception of Appellant. While the right of a defendant in a civil action to trial in the county of his residence, assured him under Section 10-303, Code of Laws of South Carolina, 1952, is a substantial right, *Wood v. Lea,* 219 S. C. 409, 65 S. E. (2d) 669, this Court has repeatedly held that a jury of the vicinage passing upon the credibility of the witnesses is in itself a promotion of justice, *Utsey v. Charleston, S. & N. R. Co., supra; Simmons v. Cohen, supra; Holden v. Beach, supra.*

We are of the opinion that there was no manifest abuse of judicial discretion by the hearing Judge in ordering the change of place of trial from Aiken County to Dorchester County upon the grounds that the convenience of witnesses and the ends of justice would be promoted thereby; that the Order appealed from should be affirmed; and It Is So Ordered.

Affirmed.

STUKES, C. J., and OXNER, LEGGE and Moss, JJ., concur.