.17240

CLYDE McCAULEY, Appellant, v. LAWSON McLEOD, d/b/a McLEOD MILLING COMPANY. Respondent. LAVERN WOOD McCAULEY, by her Guardian ad litem, ALVIN McCAULEY, Appellant, v. LAWSON McLEOD, d/b/a McLEOD MILLING COMPANY, Respondent.

EVERETT McCAULEY, Appellant, v. LAWSON McLEOD, d/b/a McLEOD MILLING COMPANY, Respondent. ALVIN McCAULEY, Appellant, v. LAWSON McLEOD, d/b/a McLEOD MILLING COMPANY, Respondent. J. C. RODGERS, Appellant, v. LAWSON McLEOD, d/b/a McLEOD MILLING COMPANY, Respondent.

(95 S. E. (2d) 611)

*Messrs. Weinberg & Weinberg,* of Sumter, *for Appellants,*

*Messrs. Lee & Moise,* of Sumter, and *Joseph O. Rogers, Jr.,* of Manning, *for Respondent,*

December 18, 1956.

*Per Curiam.*

This appeal arises out of an Order of the Honorable J. Frank Eatmon, refusing to grant appellants' motion to change the place of trial from Clarendon County to Sumter County on the grounds that the convenience of witnesses and the ends of justice would be promoted thereby, Section 10-310, Code of Laws of South Carolina, 1952.

There are five cases involved, all of which arose out of a truck-taxicab collision in Camden, Kershaw County, but for the purpose of the motion and determination of this appeal, one Order and one decision will be determinative in all cases.

The aforementioned actions were commenced in the County of Sumter but were transferred to Clarendon County upon respondent's motion upon the ground that he was at the time of commencement of the actions a resident of Clarendon County. The complaints in all except the Rogers case are for alleged personal injuries and alleged the same delicts on the part of the defendant. The answer in each case is a general denial and sets up contributory negligence on the part of the taxicab driver.

The moving party in order to prevail must make a *prima facie* showing that both the convenience of witnesses and the ends of justice will be promoted by the change. *Utsey v. Charleston, S. & N. R. Co.,* 38 S. C. 399, 17 S. E. 141; *McCarty v. Bolick,* 216 S. C. 396, 58 S. E. (2d) 338; *Simons v. Cohen,* 227 S. C. 606, 88 S. E. (2d) 679; *Holden v. Beach,* 228 S. C. 234, 89 S. E. (2d) 433; and motions of this character are addressed to the discretion of the lower Court, and its ruling on such

matters will not be disturbed unless it appears from the facts presented that the Court committed a manifest abuse of a sound judicial discretion. *Patterson v. Charleston & W. C. R. Co.,* 190 S. C. 66, 1 S. E. (2d) 920; *Wilson v. Southern Furniture Co.,* 224 S. C. 281, 78 S. E. (2d) 890; *Griffin v. Owens,* 171 S. C. 276, 172 S. E. 221; *Wade v. Southern R. Co.,* 186 S. C. 265, 195 S. E. 560; *Sample v. Bedenbaugh,* 158 S. C. 496, 155 S. E. 828; *Simmons v. Cohen, supra;* and *Holden v. Beach, supra.*

The right of the defendant in a civil action to trial in the county of his residence, Section 10-303, Code of Laws of South Carolina, 1952, is a substantial right. *Wood v. Lee,* 219 S. C. 409, 65 S. E. (2d) 669; *Dison v. Wimbly,* S. C., 94 S. E. (2d) 877; and this Court has repeatedly held that a jury of the vicinage passing upon the credibility of witnesses is in itself a promotion of justice. *Utsey v. Charleston, S. & N. R. Co., supra, Simmons v. Cohen, supra; Holden v. Beach, supra.*

In the instant case it is true that the greater number of witnesses reside in Sumter County but the hearing judge in the exercise of his discretion is not confined to the consideration of mere numbers alone and the record does not disclose an abuse of such discretion in refusing appellants' motion.

Affirmed.