17319

AUDREY KING, as Administratrix of the Estate of Malcolm King. Deceased, Respondent, v. R. M. MOORE, JR., and JOE E. CAL-CUTT, doing business as C. & M. Logging Operations, Appellants.

(98 S. E. (2d) 849)

*Messrs. Willcox, Hardee, Houck & Palmer* and *George W. Keels* of Florence, *for Appellants,*

*Messrs. Dennis & Dennis,* of Moncks Corner, *James P. Mozingo, III,* and *John L. Nettles,* of Darlington, and *John*

*Henry Ellen* of Bishopville, *for Respondent,*

July 2, 1957.

Moss, Justice.

This is an appeal from an Order of the Circuit Court granting a motion by plaintiff for a change of venue from Florence County to Berkeley County, upon the ground that "the convenience of witnesses and the ends of justice would be promoted by the change." Section 10-310(3), 1952 Code of·Laws of South Carolina.

Plaintiff brought this action for damages for the alleged wrongful death of her intestate, which occurred in Berkeley County, South Carolina, April 1, 1951, as a result of injuries

sustained in a collision involving an automobile operated by Malcolm King and a truck operated by Booker T. Snipe, an employee of R. M. Moore, Jr. and Joe E. Calcutt, doing business as C & M Logging Operations. The original complaint, in which Snipe, Moore and Calcutt were named as defendants, admitted that Florence County was the residence of Moore and Calcutt, but alleged that Snipe was a resident and citizen of Berkeley County. It appears that proper service of the original summons and complaint was had upon Moore and Calcutt but that Snipe, the other defendant, had moved to the State of Maryland and service of the summons and complaint upon Snipe was there made.

In due course, Moore and Calcutt moved to transfer the place of trial from Berkeley County to Florence County on the ground that they were residents and citizens of said County. The defendant Snipe made a special appearance for the purpose of contesting the court's jurisdiction of him, asserting that no valid service of the summons and complaint could be made upon him in the State of Maryland. The Circuit Court refused the motion to transfer the place of trial to Florence County and refused to set aside the service of the summons and complaint upon Snipe.

Upon appeal to this Court, the judgment of the lower Court was reversed and it was said:

"We conclude that the service of the summons and complaint on Snipe in the State of Maryland was not authorized by the statute law of South Carolina and was invalid. His motion to set aside such service should have been granted. It necessarily follows that the motion of Moore and Calcutt to change the venue to Florence County should have been granted." *King v. Moore,* 224 S. C. 400, 79 S. E. (2d) 460, 463.

After this cause had been transferred to Florence County, the plaintiff moved for an order transferring the cause from Florence County to Berkeley County, upon the grounds that the convenience of witnesses and the ends of justice will be

promoted by such change. Such motion was granted. The defendants alleged this to be error.

It appears from the record that the collision which resulted in the death of plaintiff's intestate occurred on Highway No. 52 in Berkeley County, between St. Stephens and Kingstree. The location of the accident is in that area of the highway which traverses a swamp between these two places. The record discloses from the affidavits of various witnesses, who will appear as such in behalf of the plaintiff, that it will serve their convenience for the trial to be held in Berkeley County. Among these witnesses are several law enforcement officers, who are material witnesses, and will testify as to the location of the vehicles, condition of the road, weather, topography and other matters discovered by them and which are in issue in this action. The plaintiff and two passengers who were in the car with her intestate assert that it would be more convenient for them to attend trial in Berkeley County. The physician who examined the dead body of Malcolm King resides in Kingstree. He will be a material witness as to the injuries found upon the body of the deceased. He asserts that it will be inconvenient for him to attend trial either in Florence County or Berkeley County, but if he must go to one or the other it would be more convenient to attend the trial in Berkeley County, due to existing traffic conditions between Kingstree and the two towns.

All of plaintiff's witnesses, with the exception of plaintiff, a highway patrolman and the physician, are residents of Berkeley County. This Court has determined that the promotion of the ends of justice is served by having a jury of the vicinage pass upon the credibility of witnesses. *Beard v. Billups Petroleum Company of S. C.*, 228 S. C. 481, 90 S. E. (2d) 685.

The defendants, in opposing the change, produced the affidavits of a number of persons who assert that it would be more convenient for them to attend the trial in Florence

County. They assert that much time would be saved in going to Florence County rather than to Berkeley County.

From the foregoing statement it is apparent that there was for determination by the Circuit Court a question of whether the convenience of witnesses and the ends of justice would be promoted by changing the venue from Florence County to Berkeley County. This issue was determined by the Court in favor of the plaintiff.

In the case of *Dison v. Wimbly*, 230 S. C. 187, 94 S. E. (2d) 877, 878, we said:

"The moving party in order to prevail must make a *prima facie* showing that both the convenience of witnesses and the ends of justice will be promoted by the change, *Utsey v. Charleston, S. & N. R. Co.*, 38 S. C. 399, 17 S. E. 141; *McCarty v. Bolick*, 216 S. C. 396, 58 S. E. (2d) 338; *Simmons v. Cohen*, 227 S. C. 606, 88 S. E. (2d) 679; *Holden v. Beach*, 228 S. C. 234, 89 S. E. (2d) 433; and motions of this character are addressed to the discretion of the lower Court, and its ruling on such matters will not be disturbed unless it appears from the facts presented that the Court committed a manifest abuse of a sound judicial discretion. *Patterson v. Charleston & W. C. R. Co.*, 190 S. C. 66, 1 S. E. (2d) 920; *Wilson v. Southern Furniture Co.*, 224 S. C. 281, 78 S. E. (2d) 890; *Griffin v. Owens*, 171 S. C. 276, 172 S. E. 221; *Wade v. Southern R. Co.*, 186 S. C. 265, 195 S. E. 560; *Sample v. Bedenbaugh*, 158 S. C. 496, 155 S. E. 828; *Simmons v. Cohen, supra;* and *Holden v. Beach, supra.*"

The lower Court found that the plaintiff had made a *prima facie* showing that both the convenience of witnesses and the ends of justice will be promoted by the granting of the motion for a change of venue.

We are of the opinion that there was no manifest abuse of judicial discretion by the hearing Judge in ordering a change of the place of trial from Florence County to Berke-

ley County upon the grounds that the convenience of witnesses and the ends of justice will be promoted thereby.

The Order of the Circuit Court is affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.