17357

JACKIE PERDUE, Administratrix of the Estate of D. H. Perdue, Deceased, Respondent, v. SOUTHERN RAILWAY COMPANY and ROBERT C. GADDOWAY, of whom the former is, Appellant.

(101 S. E. (2d) 47)

*Messrs. Paulling & James,* of Darlington, and *Frank G. Tompkins, Jr.,* of Columbia, *for Appellant,*

*Messrs. James P. Mozingo, III, Benny R. Greer* and *Archie L. Chandler,* of Darlington, and *Edward E. Saleeby,* of Hartsville, *for Respondent,*

*D. Carl Cook, Esq.,* of Hartsville, *for Respondent,*

80

*Messrs. Paulling & James,* of Darlington, and *Frank G. Tompkins, Jr.,* of Columbia, *for Appellant, in Reply,*

December 2, 1957.

TAYLOR, Justice.

This appeal is from an order of the Honorable J. Woodrow Lewis, Resident Judge of the Fourth Judicial Circuit, refusing the motion of appellant, Southern Railway Company to change the venue of the above-named action from Darlington County, South Carolina, to York County, South Carolina, upon the grounds that the convenience of witnesses and the ends of justice would be promoted thereby and that the defendant-respondent, Robert C. Galloway, is not a *bona fide* party but was joined as defendant for the purpose of laying venue in Darlington County, said motion being made under the provisions of Section 10-310(3) of the Code of Laws of South Carolina, 1952.

The defendant, Southern Railway Company, is not a resident of Darlington County and standing alone would not be subject to suit therein; but the defendant, Robert C. Galloway, who is joined as party defendant, is a resident of such county, Section 10-303, Code of Laws of South Carolina, 1952.

In order to prevail the movant must show that both the convenience of witnesses and the ends of justice will be promoted by the change. *Utsey v. Charleston, S. & N. R. Co.,* 38 S. C. 399, 17 S. E. 141; *McCarty v. Bolick,* 216 S. C. 396, 58 S. E. (2d) 338; *Simmons v. Cohen,* 227 S. C. 606, 88 S. E. (2d) 679; *Holden v. Beach,* 228 S. C. 234, 89 S. E. (2d) 433; *McCauley v. McLeod,* 230 S. C. 380, 95 S. E. (2d) 611. Motions of this character are addressed to the discretion of the lower Court, and its ruling on such matters will not be disturbed unless it appears from the facts presented that the Court committed a manifest abuse of a sound judicial discretion. *Patterson v. Charleston & W. C. R. Co.,* 190 S. C. 66, 1 S. E. (2d) 920; *Wilson v. Southern Furniture Co.,* 224 S. C. 281, 78 S. E. (2d) 890; *Griffin v. Owens,* 171 S. C. 276, 172 S. E. 221; *Wade v. Southern R. Co.,* 186 S. C. 265, 195 S. E. 560; *Sample v. Bedenbaugh,* 158 S. C. 496, 155 S. E. 828; *Simmons v. Cohen, supra; Holden v. Beach, supra;* and *McCauley v. McLeod, supra.*

The right of the defendant in a civil action to trial in the county of his residence, Section 10-303, Code of Laws of South Carolina 1952, is a substantial right, *Wood v. Lea,* 219 S. C. 409, 65 S. E. (2d) 669; *Dison v. Wimbly,* 230 S. C. 187, 94 S. E. (2d) 877; and this Court has repeatedly held that a jury of the vicinage passing upon the credibility of witnesses is in itself a promotion of justice. *Utsey v. Charleston, S. & N. R. Co., supra; Simmons v. Cohen, supra; Holden v. Beach, supra; McCauley v. McLeod, supra.*

This action was commenced in the Court of Common Pleas for Darlington County, South Carolina, to recover damages for the death of one D. H. Perdue, which is alleged to have resulted from injuries sustained when the automobile in which he was riding collided with a boxcar of appellant, Southern Railway Company, within the City of Charlotte, North Carolina. The complaint alleges that the death of the said Perdue was brought about by certain neg-

ligent, willful, and wanton acts of Robert C. Galloway, driver of said automobile, and of the defendant, Southern Railway Company.

The answer of the defendant, Galloway, admits that he was driving the car at the time of the collision which resulted in the injury and death of Perdue but alleges that the collision was caused by the negligent, careless, reckless, willful, and wanton acts and omissions of the appellant Railway Company and seeks in a cross action to recover against the said appellant Railway Company for personal injuries alleged to have been caused by such acts.

The answer of the appellant Railway Company after admitting formal parts of the complaint sets forth that the death of one Perdue was caused by the sole negligence, willfullness, and wantonness of the defendant, Robert C. Galloway, with whom he was riding and who had charge of his person at the time.

By way of reply to the cross action of defendant, Galloway, the appellant, Southern Railway Company, admits that at the time and place in question the said Galloway drove the car into the side of a freight car of defendant company and pleads the sole negligence and contributory negligence of the defendant Galloway as the proximate cause of his injuries; further, the appellant Company pleads the statutory and common law of North Carolina with reference to crossing collisions.

An examination of the affidavits submitted reveals that none of the witnesses reside in York County, where appellant seeks to have the case tried; that eight witnesses reside in Charlotte, North Carolina, which is approximately 32 miles from York and 94 miles from Darlington, South Carolina, where ten witnesses reside and one witness resides at Myrtle Beach, South Carolina. It, therefore, appears that 11 of respondent's witnesses could more conveniently appear in Darlington and eight of appellant's witnesses could more conveniently appear in York

County, South Carolina. The distance from Darlington County to York is approximately 92 miles and from Myrtle Beach to York is 184 miles and from Myrtle Beach to Darlington is 78 miles. It is evident, therefore, from the numerical standpoint of the witnesses that no manifest abuse of discretion is shown; and since there are no witnesses from the County of York, South Carolina, the promotion of justice by having jurors from the vicinage pass upon the credibility of witnesses has no application here.

There is no merit in appellant's contention that its motion should have been granted in that the necessity for the jury to view the scene of the collision will most probably arise and a jury can be more easily transferred the 32 miles to Charlotte than the 94 miles from Darlington. In passing upon this phase of the motion, the Circuit Judge stated in his order that the collision occurred at night and a view of the scene in the daytime would probably do no more than reveal the physical surroundings which could be properly shown by pictures, drawings and models; *Patterson v. Charleston & W. C. R. Co., supra.*

Appellant also contends that the defendant, Galloway, a resident of Darlington County, is not a material defendant and is joined so as to lay venue in that county. An examination of the complaint reveals that it states a cause of action against Galloway and appellant, and appellant sets up by way of answer that the death of one Perdue was caused by the sole negligence, willfullness, and wantonness of the defendant, Galloway. It can hardly be said under these circumstances that the Circuit Judge, who sat as both Judge and jury, in finding and holding that Galloway was a *bona fide* defendant manifestly abused his sound judicial discretion, *Rosamond v. Lucas-Kidd Motor Company, Inc.,* 183 S. C. 544, 191 S. E. 516; *Warren v. Padgett,* 225 S. C. 447, 82 S. E. (2d) 810; *Belger v. Caldwell,* S. C., 98 S. E. (2d) 758.

We are of the opinion that all exceptions should be overruled and the order appealed from affirmed, and it is so ordered.

Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.