### 17391

David G. THOMAS, Respondent, v. NATIONWIDE MUTUAL AUTO-MOBILE INSURANCE COMPANY, Joe R. Griffin and One 1948 International Truck Semi-Trailer, bearing 1955 South Carolina License No. P 5-1451, of whom Joe R. Griffin and one 1948 International Truck Semi-Trailer bearing 1955 South Carolina License No. P 5-1451, are, Appellants.

(102 S. E. (2d) 266)

*Messrs. Bogoslow & Howell,* of Walterboro, *for Appellants,*

360

*Messrs. Legare & Hare,* and *G. M. Howe, Jr.,* of Charleston, and *Dennis & Dennis,* of Moncks Corner, *for Respondent,*

February 13, 1958.

LEGGE, Justice.

This appeal is from an order, in a tort action, denying a motion to change the place of trial. The action resulted from a three-vehicle collision on a highway in Berkeley County. Involved were a Ford truck driven by respondent, an International truck driven by the appellant Griffin, and a state-owned school bus driven by one Middleton. Respondent sued in the Court of Common Pleas for Berkeley County to recover damages for personal injuries alleged to have been sustained by him as the result of the collision, and joined as defendants Griffin, the International truck, and Nationwide Mutual Automobile Insurance Company, carrier of the liability insurance covering the operation of the school bus. As to the defendant last mentioned, venue was properly laid in Berkeley County per-force the provision of the Act of May 26, 1953 (XLVIII Stat. at L. 396) now appearing in the 1957 Cumulative Supplement to the Code of 1952 as Section 21-840.7.

The complaint alleged, *inter alia*: that on the afternoon of November 10, 1954, when the plaintiff was driving the Ford truck northwestwardly on Highway No. 402, the International truck, driven by the defendant Griffin and proceeding in the same direction at a high and' dangerous speed, overtook and passed the Ford truck and immediately thereafter, without a signal or warning, was brought to a sudden stop directly in front of plaintiff's vehicle, causing the latter

to strike the left rear of the International truck, glance off to the left, and collide with the school bus which, proceeding southeast, had been brought to a sudden, unsignaled, stop on the highway; that in the collision the plaintiff was seriously injured; and that his injuries were the result of joint and concurrent acts of negligence and recklessness, particularly enumerated, on the part of the drivers of the other two vehicles, among them that each brought his vehicle to a sudden stop, without warning,—the school bus on the "main-traveled portion" of the highway, and the International truck also on the highway and immediately in front of the Ford.

Nationwide Mutual Automobile Insurance Company, answering, admitted its coverage of the school bus, denied generally the other allegations of the amended complaint, and pleaded contributory negligence and recklessness.

The answer on the part of the defendants Griffin and the International truck pleaded:

1. A general denial;

2. Contributory negligence and recklessness;

3. That the plaintiff"'s injuries "were due to and caused solely by the negligence, carelessness, recklessness, wilfulness, wantoness and heedlessness of the defendant Nationwide Mutual Automobile Insurance Company, as successor to Farm Bureau Automobile Insurance Company, and John H. Middleton, operator of the school bus, in the particulars set forth in the amended complaint"; and

4. "That the defendant Nationwide Mutual Automobile Insurance Company is a sham defendant and the alleged negligence against it is too remote in the chain of causation to make its actions the proximate cause or the contributing proximate cause of the collisions;" and that the plaintiff's cause of action, if any, accrued in the court of common pleas for Colleton, not Berkeley, County, for the reason that the defendant Griffin was at the commencement of the action, and still is, a citizen and resident of Colleton County, and

the International truck was at that time located in, and was then and still is owned by a citizen and resident of Colleton County.

Upon these pleadings, and affidavits of the defendant Griffin and Mr. C. M. Padgett, counsel for the defendants Griffin and the International truck moved for an order changing the place of trial to Colleton County upon the ground that Nationwide Mutual Automobile Insurance Company was a sham and immaterial defendant, the joinder of which should not be permitted to defeat the right of the moving defendants to a trial there, that being the county of the residence of both Griffin and the owner of the International truck, and being also the county in which that truck was located at the commencement of the action. Griffin's affidavit declared that he was, and had been for many years, a citizen and resident of Colleton County; Mr. Padgett's, that he was a lifelong citizen and resident of that county, that he was the owner of the International truck, that Griffin was his employee and was driving said truck on the date of the accident, and that said truck was located in Colleton County at the commencement of the action.

On its face, the complaint stated a cause of action against Nationwide Mutual Automobile Insurance Company as well as against the other defendants named. The latter, by their answer, alleged that plaintiff's injuries had resulted from the negligence and recklessness of their said co-defendant and the driver of the school bus. In these circumstances denial of the motion was not error. *Perdue v. Southern Railway Company*, S. C., 101 S. E. (2d) 47.

Appellants argue here:

1. That since the record does not disclose that Nationwide Mutual Automobile Insurance Company had offices and agents in Berkeley County, the place of trial should have been changed, under the rule stated in *Campbell v. Mutual Benefit Health & Accident Ass'n.*, 161 S. C. 49, 159 S. E.

490, and in *Tucker v. Ingram,* 187 S. C. 525, 198 S. E. 25, to Colleton County, in which Griffin resided and the International truck was located; and

2. That the nature of the liability of Nationwide Mutual Automobile Insurance Company differs, and is distinct, from that of its co-defendants; and therefore its joinder should not deprive them of the right to trial in the county of their residence.

But these contentions are not properly before us, for neither was raised in the lower court. *Howle v. McDaniel,* S. C., 101 S. E. (2d) 255.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.