17620

**Donald T. GARRETT, Respondent, v. CHARLESTON & WESTERN CAROLINA RAILWAY COMPANY, Appellant**

**(118 S. E. (2d) 256)**

*Messrs. A. C. Todd,* of Greenwood, and *Warren & Warren,* of Hampton, *for Appellant,*

*Johnson & Smith,* of Spartanburg, and *Murdaugh, Eltzroth & Peters,* of Hampton, *for Respondent,*

February 25, 1960.

TAYLOR, Justice.

This appeal is from an Order of the Honorable J. Robert Martin, Jr., refusing defendant's motion for a change of venue from Hampton County to Spartanburg County. Said motion was made upon the ground that

the convenience of witnesses and the ends of justice would be promoted thereby and was submitted to the hearing Judge for his consideration upon the pleadings and affidavits of the parties.

In order to prevail, the movant must show that both convenience of witnesses and the ends of justice will be promoted by the change contended for. *Utsey v. Charleston, S. & N. R. Co.,* 38 S. C. 399, 17 S. E. 141; *McCarty v. Bolick,* 216 S. C. 396, 58 S. E. (2d) 338; *Simmons v. Cohen,* 227 S. C. 606, 88 S. E. (2d) 679; *Holden v. Beach,* 228 S. C. 234, 89 S. E. (2d) 433; *McCauley v. McLeod,* 230 S. C. 380, 95 S. E. (2d) 611; *Perdue v. Southern Railway Company,* 232 S. C. 78, 101 S. E. (2d) 47; *Graham v. Beverly,* S. C., 110 S. E. (2d) 923. Motions of this character are addressed to the discretion of the lower Court, and its ruling on such matters will not be disturbed unless it appears from the facts presented that the Court committed a manifest abuse of a sound judicial discretion. *Patterson v. Charleston & W. C. R. Co.,* 190 S. C. 66, 1 S. E. (2d) 920; *Wilson v. Southern Furniture Co.,* 224 S. C. 281, 78 S. E. (2d) 890; *Griffin v. Owens,* 171 S. C. 276, 172 S. E. 221; *Wade v. Southern R. Co.,* 186 S. C. 265, 195 S. E. 560; *Sample v. Bedenbaugh,* 158 S. C. 496, 155 S. E. 828; *Simmons v. Cohen, supra; Holden v. Beach, supra;* and *McCauley v. McLeod, supra; Perdue v. Southern Railway Company, supra; Graham v. Beverly, supra.*

The right of the defendant in a civil action to trial in the county of his residence, Section 10-303, Code of Laws of South Carolina, 1952, is a substantial right, *Wood v. Lea,* 219 S. C. 409, 65 S. E. (2d) 669; *Dison v. Wimbly,* 230 S. C. 187, 94 S. E. (2d) 877; and this Court has repeatedly held that a jury of the vicinage passing upon the credibility of witnesses is in itself a promotion of justice. *Utsey v. Charleston, S. & N. R. Co., supra; Simmons v. Cohen, supra; Holden v. Beach, supra; McCauley v. McLeod, supra; Perdue v. Southern Railway Company, supra; Graham v. Beverly, supra.*

In support of the motion, defendant offered two affidavits, one of Pringle L. Peeples, a Claim Agent for the defendant Company, and one of Sheriff B. B. Brockman of Spartanburg County. After the hearing, the matter was left open for defendant to submit further affidavits, but it did not avail itself of this opportunity.

The affidavit of the Claim Agent is to the effect that he had acquainted himself with defendant's files in this case, including the affidavits of the prospective witnesses; that in his opinion the scene of the accident, which is closer to Spartanburg County Courthouse than Hampton County should be viewed by the jury. He then proceeds to give his opinion as to availability of witnesses in Spartanburg as against those or the lack of those in Hampton County and states that there were five members of the train crew at the time, one of which lives in Spartanburg and the other four reside in Augusta, Georgia. He further asserts that four deputy sheriffs are material witnesses and that they reside in Spartanburg; that four physicians who treated plaintiff reside in Spartanburg; that four witnesses who were with plaintiff immediately prior to the accident live in Spartanburg County; that seventeen other prospective witnesses live in Spartanburg County and one lives in Laurens County, all of which can more conveniently attend Court in Spartanburg County than Hampton County.

The other affidavit, that of the Sheriff of Spartanburg County, states that seven officers of his force will probably be called as witnesses and that it will be more convenient for them to attend Court in Spartanburg County than Hampton County.

It is, therefore, apparent that defendant makes reference to approximately thirty-four or more witnesses who affiants believe to be material to the trial of this case, but there is not one affidavit from these prospective witnesses to the effect that he will be inconvenienced by attending Court in Hampton County or that his testimony will be material to the trial of the case.

Plaintiff on the other hand sets forth by way of verified complaint and affidavits that plaintiff is a resident of Hampton County; that he was injured at approximately 1:30 in the morning while lying in a helpless condition on the tracks of defendant in Spartanburg County; that he is an invalid confined to his bed and wheel chair; that he has no financial means which he might use to attend Court in Spartanburg; and that his trial in Spartanburg would constitute a hardship upon him. The doctors who have been in attendance upon him reside in Hampton County as do his mother and father who have been caring for him. Certain officers in Spartanburg County who investigated the case have made affidavits that they do not consider it an undue hardship to attend Court in Hampton. Photographs, aerial photographs, and plats will be available to the Court, all of which it is contended are sufficient to reflect the location of various objects and important points at the scene of the injury, especially so in the light of the fact that the injury occurred in the nighttime. The principal surgeon in Spartanburg states that he considers it no undue hardship to attend Court in Hampton County. It might also be noted that a number of defendant's witnesses reside in Augusta, Georgia, which is considerably nearer Hampton County than Spartanburg County.

Under the foregoing circumstances, we agree with the hearing Judge that the affidavits submited by the defendant were insufficient to establish a *prima facie* showing that the convenience of witnesses and the promotion of the ends of justice will both be met by transferring the case from Hampton County to Spartanburg County. Further we agree with the hearing Judge when he stated: "Assuming, for the sake of discussion only, that the two affidavits are competent evidence and disclose facts which might be held to have established both of the essential requirements it seems that the plaintiffs have more than counterbalanced this showing by the submission of affidavits that both the convenience of material witnesses and the promotion of the ends of justice

would best be served by a trial of this case in Hampton County."

We are of the opinion that there is no showing upon which this Court can say that there has been an abuse of judicial discretion and an error of law thereby committed by the hearing Judge; that the Order appealed from should be affirmed; and it is so ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.