CARROLL v. CHARLESTON AND SEASHORE R. R. CO.

APPEAL.—VENUE.—This Court, on appeal from order granting change of venue, cannot consider whether a proper showing was made to warrant the Circuit Judge in granting the motion if there be no abuse of discretion.

Before BUCHANAN, J., Charleston, January, 1901.    Affirmed.

Action for damages by Annie B. Carroll against Charleston and Seashore Railroad Co.    The following affidavits were submitted on the motion for change of venue:

"Personally appeared before me, Annie B. Carroll, and being duly sworn, says that she is the plaintiff in the above named action; and

"First.  That the action in this cause was begun in this Court, on the — day of December, 1898, and came to trial at the November term, 1899, before the Honorable George W. Gage, presiding Judge, and a jury, at which term, after a long and protracted trial, the jury were unable to arrive at a verdict, and a mistrial was ordered.    That thereafter the said cause continued on the docket and came to trial at this present November term of the said Court of Common Pleas, before the present presiding Judge thereof, and a jury, and after a long and protracted trial, the jury were unable to arrive at a verdict, and a second mistrial was ordered.

"Second. That the cause of action herein is a suit for damages brought by the plaintiff against the defendant for injuries occasioned to the plaintiff by the defendant's carelessness and negligence in leaving open and insufficiently protected a dangerous opening or hole in its wharf in the town of Mount Pleasant, county of Charleston, on the 23d day of August, 1898, without sufficient lights, or watchmen or guards to protect and notify passengers of the defendant, so as to secure them from any danger of falling therein, in consequence of which careless and negligent omissions, the plaintiff fell into the said opening or hole, and was very seriously and permanently injured, as will more fully appear by reference to the complaint herein.

"Third. That the defendant herein, the Charleston and Seashore Railroad Company, is a corporation, as this plaintiff shows and alleges, at the time of said accident, engaged in operating a steam ferry boat from the city of Charleston to a wharf and landing at the town of Mount Pleasant, and thence by means of an electric railroad line running through the town of Mount Pleasant, through the town of Moultrieville, and through Sullivan's Island, to a hall or pavilion on the Isle of Palms. That since the bringing of said action, as plaintiff is informed and believes, and so alleges, the said Charleston and Seashore Railroad Company has been consolidated with the Charleston City Railway and other corporations, which consolidated corporation has since purchased and owns all the property and plant of the Charleston Gas Light Company, and all the property and plaint of the Charleston Electric Light Company, so that the said corporation is now generally known as the Charleston Consolidated Railway, Gas and Electric Company, and now owns and operates in the city of Charleston all the entire system of street railways in the city of Charleston, all the entire system of railroad and ferry communication between the city of Charleston and the towns of Mount Pleasant and Moultrieville to the Isle of Palms, and all the entire system of lighting

the city of Charleston by gas or electricity, and the furnishing gas and electric motive power therefrom.

"Fourth. That in consequence thereof, as plaintiff is informed and believes, the said Charleston Consolidated Railway, Gas and Electric Company is the largest local corporation in the city of Charleston and county of Charleston, employing a very large number of employees in every part and department of its business. That also, as plaintiff is informed and believes, and so charges and alleges, a large number of persons, influential citizens of Charleston, are interested and concerned in said company, and are stockholders and bondholders, and own other interests in the same, which are likely to be affected by any judgment or recovery against the said corporation.

"Fifth. That the city of Charleston contains by far the largest number of qualified voters in the county of Charleston, from whom jurymen are drawn, and, therefore, as plaintiff is informed and believes, at least four-fifths of the jury drawn in any particular panel are furnished and drawn from the city of Charleston.

"Sixth. That deponent verily believes, and on her oath does hereby so declare, that a fair and impartial trial cannot be had in the county of Charleston, where the action hereinabove entitled was commenced. That already there have been two mistrials, and from the magnitude of the corporation, and the number of employees and large interests involved, deponent verily believes it is impossible to draw a jury on which there shall not be one or more persons, who, either directly or indirectly, through others, or through an interest and belief that the maintenance of the corporation is beneficial to others, are affected so as not to give a fair and impartial verdict in the cause.

"Seventh. That plaintiff is a person of very limited and restricted means; that the continuous trials in the Courts are very expensive to her, and beyond her means; and if the same is to continue with successive trials, plaintiff will be forced to drop her application to a court of justice to receive justice

from a sheer inability to pay the expenses of the continuous and successive trials.

"Wherefore, deponent prays this honorable Court that the place of trial of this cause shall be removed to another county in the same Circuit. Signed, Annie B. Carroll. Sworn to before me, this 7th day of December, 1900. [L. s.] Signed, Claudian B. Northrop, Notary Public."

This motion was opposed by defendant's counsel, who submitted the following affidavits:

"The undersigned being duly sworn, each for himself, says, that he was one of the jurors sworn to try the above entitled cause at the December, 1899, term of Court of Charleston County. That said jury consisted of the following: T. H. Reynolds, foreman; Clarence Cole, H. J. Moroso, Joseph Beattie, L. F. St. Amand, J. O'Brien, James Carroll, M. W. Powers, F. J. Simmons, L. C. Weber, F. C. Torlay, M. J. Stelling. That the jury after deliberating upon this case, and discussing it from all sides and in all aspects, came to the honest conclusion that they could not reconcile their differences, and asked to be discharged at 12 M. That so far as they are able to state, the minds of the jury were not biased in any way, or affected by the large interests of the corporation, nor by the standing of its directors in this community, and that an earnest effort was made by the jurors to reconcile their differences of the facts of the case. That the jury was equally divided on the facts of the case; six of the jurors being in favor of a verdict for the plaintiff, and six being in favor of a verdict for the defendant. Signed, Thomas H. Reynolds, H. J. Moroso, C. M. Cole, F. L. Torlay, L. C. Weber, M. W. Powers, J. O'Brien, L. F. St. Amand, M. J. Stelling. Sworn to before me, this 15th day of December, 1900. William Austin, [Seal.] Notary Public, S. C."

"The undersigned being duly sworn, each for himself, says that he was one of the jurors sworn to try the above entitled cause at the November, 1900, term of Court for

Charleston County. That said jury consisted of the following: G. W. Klinck, J. B. Forbes, J. M. Addison, jr., Edwin F. Connor, F. W. Adams, D. C. Shirer, Henry J. Conyers, James G. Whilden, W. T. Moore, John Semken, Samuel Berkmann, E. M. Tully. That the jury after deliberating upon this case, and discussing it from all sides and in all respects, came to the honest conclusion that they could not reconcile their differences, and asked to be discharged. That so far as they are able to state, the minds of the jury were not biased in any way, or affected by the large interests of the corporation, nor by the standing of its directors in this community, and that an earnest effort was made by the jury to reconcile their differences of the facts of the case. That the jury was almost equally divided on the facts of the case; seven of the jurors being in favor of a verdict for the plaintiff, and five being in favor of a verdict for the defendant. Signed, G. W. Klinck, Samuel Berkman, J. B. Forbes, John Semken, J. M. Addison, jr., F. W. Adams, D. C. Shirer, J. G. Whilden, E. M. Tully, E. F. Conner, Henry J. Conyers, W. T. Moore. Sworn to before me, this 15th day of December, 1900. William Austin, Notary Public, S. C."

From order granting motion, defendant appeals.

*Messrs. Mordecai & Gadsden,* for appellant, cite: 4 Ency., 820; 16 So. R., 719; 33 Pac., 1037; 125 N. W. R., 568; 56 N. W. R., 258, 545; Whar. Cr. P. & P., sec. 602; 5 How. Pr. R., 27; 24 S. C., 106; 2 McC., 382; 6 S. C., 169; 10 S. C., 469; 13 S. C., 478; 21 S. C., 588; 26 S. C., 256.

*Messrs. Mitchell & Smith,* contra, cite: 1 Bay, 229; Rev. Stat., 2246; 39 S. C., 400; 46 S. C., 317; 16 N. Y. Sup., 621; 41 S. W. R., 35; 54 N. E. R., 270; 3 Burr., 1564. *Order is not reviewable:* 38 S. C., 399; 46 S. C., 321; art. VI., sec. 2, Con.; 22 Stat., 12; 55 S. C., 384; 4 Ency. P. & P., 442-3.

July 24, 1901. The opinion of the Court was delivered by

MR. JUSTICE POPE. This action was begun on the 6th day of December, 1898, in the Court of Common Pleas for Charleston County, in said State, for the recovery by the plaintiff from the defendant of $15,250 because, as alleged, the plaintiff had been injured while a passenger on the line of defendant's railroad company from the Isle of Palms to the city of Charleston, by the negligence of the said defendant. The defendant denied the injuries of the plaintiff, but alleged if she was injured, the same was the result of the contributory negligence of the defendant. The cause was twice tried—once before his Honor, Judge Gage, and a jury, on December 9th and 11th, inclusive, in the year 1899, and once before his Honor, Judge Buchanan, and a jury, on the 5th and 6th of December, 1900. In each instance there was a mistrial because of the failure of the jury to agree. After due notice, a motion was made by the plaintiff for a change of venue before his Honor, Judge Buchanan. The plaintiff submitted her own affidavit in support of her motion, while the defendant exhibited affidavits from the two juries, alleging that they had endeavored to give the parties a fair trial by reaching a verdict, but could not do so by reason of the difference of opinion amongst the jurors as to the weight of the testimony. The Reporter will insert a copy of these affidavits in his report of this appeal. The Circuit Judge, after argument, ordered the cause changed for trial to Orangeburg County, S. C., which is a county in the same judicial district with Charleston County, viz: the first circuit.

From this order the defendant has appealed on three grounds, as follows:

"First. Because his Honor erred in changing the place of trial herein, as the motion therefor was unsupported by any affidavit stating any facts tending to show that a fair and impartial trial could not be had in the county of Charleston.

"Second. Because his Honor should have held that the affidavits in support of said motion failed to state any facts

whatever, but on the contrary set forth merely a belief and speculation of plaintiff.

"Third. Because on the record herein, and affidavits submitted in support of said motion, his Honor erred in granting a change of venue herein."

In disposing of this appeal, we will state: The VI. art., sec. 2, of the Constitution of 1895, requires the General Assembly of this State "to pass laws for the change of venue in all cases, civil and criminal, over which the Circuit Courts have original jurisdiction, upon a proper showing, supported by affidavit, that a fair and impartial trial cannot be had in the county where such action or prosecution was commenced." And on the 12 day of February, 1896, the General Assembly passed an act whose title is "An act to provide for a change of venue in civil and criminal cases in the Circuit and magistrate's courts," 22 Stat. at Large, pp. 12 and 13. The first section of this act relates to the change of venue by the Circuit Courts, and sets out the provisions of sec. 2, of art. VI., of Constitution, and prescribes ten days notice of such application before the hearing is had "in regular term by some party interested." This is the law under which the present application for a change of venue was made. This action is on the law side of the Court of Common Pleas. The Supreme Court of this State, in hearing appeals, is confined to questions of law in cases on the law side of the Court. The Circuit Judge has decided that a proper showing has been made by the affidavits submitted for a change of venue. The three grounds of appeal here presented only ask a reversal of such decision on issues of fact. If we could interfere, however, we will venture to say that upon the facts we would not do so. There was no abuse of his discretion by the Circuit Judge.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.