15128

JOHNSTON v. BELK-McKNIGHT CO. OF NEWBERRY; S. C.,
INC., AND THREE OTHER CASES.

(10 S. E. (2d), 1)

*Messrs. Alan Johnston* and *Benet, Shand & McGowan,*
for appellants,

*Messrs. Blease & Griffith,* for respondent, 

July 16, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This is an appeal from the order of Honorable Thos. S. Sease, presiding Judge in the Eighth Circuit, granting plaintiff's motions for a change of venue or for a change of the place of trial of the four cases captioned above from the County of Newberry to Laurens County, said counties being within the same judicial circuit.

The motions were predicated on the grounds (a) that a fair and impartial trial cannot be had in the County of Newberry, where the actions were commenced, and where the same are now pending for trial, and (b) because there is reason to believe that an impartial trial of the cases cannot be had in the County of Newberry.

The motions were made in pursuance of Section 35 of the Code of 1932, and subdivision (2) of Section 426 of said Code, reading respectively as follows:

"Change of Venue—When and How Made.—The Circuit Courts shall have power to change the venue in all cases, civil and criminal, pending therein, and over which said Courts have original jurisdiction, by ordering the record to be removed to another county in the same circuit. The application for removal must be made to the Judge sitting in regular term by some party interested * * * supported by affidavit that a fair and impartial trial cannot be had in the county where such action or prosecution was commenced. * * *"

"Changing Place of Trial.—The court may change the place of trial in the following cases: * * *

"(2) When there is a reason to believe that an impartial trial cannot be had therein."

The sole question before this Court is: Was there such an abuse of discretion by Judge Sease in changing the venue and/or changing the place of trial of these cases from Newberry County to Laurens County, as to amount to error of law.

The above-quoted statutes provide a method, when the requirements are met, of changing the place of trial from the county of residence of a defendant, and are in derogation rather than in conflict with the statutory right of a defendant to the trial of a case in the county in which the defendant resides at the time of the commencement of an action.

As was stated in *Carroll v. Railroad Company,* 61 S. C., 251, 257, 39 S. E., 364, 366: "This action is on the law side of the Court of Common Pleas. The supreme court of this state, in hearing appeals, is confined to questions of law in cases on the law side of the court. The circuit judge has decided that a proper showing has been made by the affidavits submitted for a change of venue. The * * * grounds of appeal here presented only ask a reversal of such decision on issues of fact."

It appears to be the settled law in this State that "this Court will not interfere with the discretion exercised by a circuit judge unless it is convinced that the action of the circuit judge was so opposed to a sound discretion as to amount to a deprivation of the legal rights of the complaining party." *Griffin v. Owens et al.,* 171 S. C., 276, 172 S. E., 221, 222; *Wade v. Southern Ry. Co.,* 186 S. C., 265, 195 S. E., 560.

No useful purpose will be served by detailing the history of this litigation; nor will it serve any useful purpose for us to narrate the facts and conditions surrounding the former trial and trials of these cases in Newberry County, as described and portrayed in the affidavits submitted on the hearing of the motions before Judge Sease.

We have carefully read the record, and are unable to say therefrom that the exercise of the discretion reposing in the learned Circuit Judge was arbitrary. Certainly we cannot say that his action in changing the place of trial to an adjoining county in the same judicial circuit "was so opposed to a sound discretion as to amount to a deprivation of the legal rights of the complaining party."

We are unable to subscribe to the doctrine that the prejudice existing in the county from which removal is sought must be directed solely against the applicant for the change of place of trial to entitle such applicant to a change of venue. There may exist no particular prejudice against the applicant, and yet prejudice could exist in favor of the opposing litigant such as to prevent the applicant from receiving a fair and impartial trial; and a fair and impartial trial is and should be the goal sought in all trial courts.

The framers of our State Constitution recognized that occasions would arise when some litigant could not obtain a fair and impartial trial in the county where such case was pending, and was necessarily commenced, and therefore made it mandatory that the General Assembly pass laws for the change of venue in all cases, civil and criminal, over which the Circuit Courts have original jurisdiction, upon a proper showing, supported by affidavit, that a fair and impartial trial cannot be had in the county where such action or prosecution was commenced. Article VI, Section 2, Constitution 1895. And under this section of the Constitution, the statutes hereinabove quoted were enacted.

The orders appealed from are affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES FISHBURNE and STUKES, and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.