### TRADERS & GENERAL INS. CO. v. WILLIAMS.

### No. 4071.

Court of Civil Appeals of Texas. Beaumont.

Nov. 27, 1942.

Rehearing Denied Dec. 2, 1942.

Lightfoot, Robertson & Gano, of Fort Worth, for appellant.

Campbell & Foreman, of Livingston, for appellee.

WALKER, Chief Justice.

This suit was filed in district court of Polk county by appellee, Mrs. Maggie Williams, against appellant, Traders and General Insurance Company, to recover $5,000. The appeal was prosecuted from the judgment of the district court overruling appellant's plea of privilege to be sued in Dallas county.

Appellant issued to a Mrs. Marsh its policy of insurance covering bodily injury liability in the sum of $5,000. While this policy was in force, appellee on the 23rd day of June, 1940, suffered a personal injury in Liberty county due to the negligent operation of the automobile covered by this policy of insurance, and in her suit against Mrs. Marsh in the district court of Polk county recovered the sum of $7,729.75 as damages for her injuries; affirmed by this court, Marsh v. Williams, Tex.Civ.App., 154 S.W.2d 201. Mrs. Marsh has not paid appellee's judgment or any part of it. Appellee alleged that by the terms of its policy issued to Mrs. Marsh it was bound to pay and discharge her judgment against Mrs. Marsh to the extent of $5,000. Appellant's plea of privilege was in statutory form. By her controverting affidavit appellee plead venue in Polk county by virtue of subdivisions 5, 23 and 28, of Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subds. 5, 23, 28.

At the time appellant issued it policy of insurance to Mrs. Marsh, and continuously thereafter, she resided in the city of Livingston, Polk county. At the time appellee was injured, and continuously thereafter, she resided in the city of Livingston, Polk county. Appellant's insurance policy to Mrs. Marsh was executed and delivered by its local agent in Livingston on the 29th day of August, 1939, but appellant has not had an agent in Polk county since the 3rd day of March, 1941.

By the terms of its policy, appellant was bound to pay on behalf of the insured "all sums which the insured shall become obligated to pay" under the coverage of the policy, and it was obligated to defend in the name of the insured all suits brought against her within the coverage of the policy. Appellant defended Mrs. Marsh in appellee's cause of action against her from the trial court through the Supreme Court. We quote the following provisions of the policy in issue: "It is further agreed that as respects insurance afforded by this policy the Company shall * * * pay * * * all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon * * * and any person or his legal representative who has secured such judgment or written agreement shall thereafter be entitled to recover under the terms of this policy in the same manner and to the same extent as the insured."

Mrs. Williams recovered her judgment against Mrs. Marsh in district court of Polk county. By the terms of the policy it is to be noted that appellant was bound to pay this judgment or deposit in the district court of Polk county $5,000, the amount of its liability under its policy. This obligation to pay the judgment, or the alternative obligation to deposit in the district court of Polk county $5,000, was an obligation in writing by appellant to perform its obligation in Polk county. True, as appellant insists, the obligation to perform in Polk county did not name Polk county, but from the very nature of its obligation Polk county must be read into its obligation to perform. So, the obligation of the policy falls within subdivision 5 of Art. 1995: "5. Contract in writing. —If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Venue was also properly laid in Polk county under subdivision 28 of Art. 1995, reading: "Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in

the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides." Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W.2d 533, is directly in point sustaining this conclusion.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.