16597

PADGETT v. CALVERT·FIRE INS. CO. *ET AL.*
(69 S. E. (2d) 565)

*Mr. Henry T. Gaud,* of Charleston, *for Calvert Fire Company, Appellant,* cites:

*Messrs. Padgett & Moorer,* of Walterboro, *for Respondent.*

February 29, 1952.

OXNER, Justice.

This is an appeal from an order refusing a motion by the Calvert Fire Insurance Company to change the venue of this action from Colleton County to Charleston County.

The suit is on a policy issued by the Calvert Fire Insurance Company insuring an automobile of respondent against accidental collision or upset. It is alleged in the complaint that said automobile was damaged by collision with a loose object lying in the road, while being driven on a public highway in Colleton County. The Commercial Credit Company, which holds a mortgage over said automobile and is named as a co-insured in the policy, was made a party defendant because it did not desire to join respondent in bringing the action. It has taken no part, however, in the proceedings for a change of venue. Both of the defendants are foreign corporations doing business in South Carolina. Neither maintains an office or has an agent in Colleton County, but each maintains an office and has agents in Charleston County. The Court below held that the action could be maintained in Colleton County, where the loss occurred, under Section 423 of the 1942 Code, which reads as follows: "All suits brought against any and all fire, life, or other insurance companies doing business in this State, may be brought in the county where the loss occurs; provided, however, that nothing herein contained shall be so construed as to prevent the court from changing the place of trial for any of the causes provided for in section 426."

Section 426 authorizes the Court to change the place of trial in the following cases:

"(1) When the county designated for that purpose in the complaint is not the proper county.

"(2) When there is reason to believe that an impartial trial cannot be had therein.

"(3) When the convenience of witnesses and the ends of justice would be promoted by the change."

There is no contention that an impartial trial cannot be had in Colleton County, nor is there any claim that the convenience of witnesses and the ends of justice would be promoted by changing the place of trial to Charleston County. The sole contention of the Insurance Company, ap-

pellant here, is that since it maintains no office and has no agent in Colleton County, it is entitled to have the place of trial changed to Charleston County where it does have offices and agents. The argument is made that while Section 423 authorizes the *commencement* of an action against an insurance company in the county where the loss occurred, such action must be *tried* in the county where such insurance company maintains an office or has agents.

If appellant were not an insurance corporation, undoubtedly it would have the right to have the venue changed to Charleston County. *Hancock v. Southern Cotton Oil Company,* 211 S. C. 432, 45 S. E. (2d) 850, and cases cited therein. But we think that under Section 423 the General Assembly has clearly authorized the trial of an action against an insurance company in the county where the loss occurs. In *Gibbes v. National Hospital Service, Inc.,* 202 S. C. 304, 24 S. E. (2d) 513, 515, the Court said that this statute was intended to permit insurance companies "to be sued, not only in the county of their residence, but also in the county where the loss occurs."

Section 423 is a part of Title 6 of the Code which is captioned: "Place of Trial of Civil Actions". All of the sections under this title were intended to fix the place of trial in various actions. There is no significance in the fact that the word "brought" is used in Section 423, instead of "tried". There would have been no purpose in enacting Section 423 if the General Assembly merely intended to authorize the commencement of a suit against an insurance company in the county where the loss occurs, but not a trial in such county.

Similar statutes in other states fixing venue in cases "brought" against insurance companies have been construed as designating the place where such actions may be tried. *Traders & General Insurance Company v. Williams, Tex. Civ. App.,* 166 S. W. (2d) 158.

It follows that appellant is not entitled to change the place of trial to Charleston County upon the ground that Colleton County is not a proper county for the trial of the case.

The order appealed from is affirmed.

FISHBURNE, STUKES and TAYLOR, JJ., and G. BADGER BAKER, A. A. J., concur.