## 17311

MRS. DELL BELGER and JOE DRAWDY, as Administrators of the Estate of Gus Drawdy, Respondents, v. THOMAS H. CALD-WELL and THOMAS SMITH, Appellants.

(98 S. E. (2d) 758)

*Messrs. Rosen & Horger,* of Orangeburg, and *W. L. Rhodes, Jr.,* of Hampton, *for Appellant,* 

*Messrs. Randolph Murdaugh, Clyde A. Eltzroth and J. Robert Peters, Jr.,* of Hampton, *for Respondents,* 

June 13, 1957.

TAYLOR, Justice.

The sole question in this appeal is whether or not the Circuit Judge erred in refusing appellant Caldwell's motion for a change of venue from Hampton County to Colleton County, the County of his residence, it being contended that the defendant, Thomas Smith, a resident of Hampton County, is not a real party in interest but was so named in order to lay venue in the County of Hampton.

The complaint sets forth, in part, that on the night of December 18, 1954, respondents' intestate, Gus Drawdy, while walking along the shoulder of Highway 28 in the Town of Varnville in Hampton County was struck and killed by a car driven by appellant Caldwell; that the intestate's death was due to and proximately caused by the joint and concurrent negligence, heedlessness, carelessness,

recklessness, willfullness, wantonness, and gross negligence of the defendants (appellants) in the following particulars, to wit:

"(a) In the defendant, Caldwell, driving and operating his automobile in a fast and dangerous rate of speed and at a speed that was excessive in view of the conditions then existing.

"(b) In the defendant, Caldwell, driving and operating his automobile at a speed that was in violation of the Statutory Laws of the State of South Carolina and of the Ordinances of the Town of Varnville.

"(c) In the defendant, Caldwell, driving and operating his automobile off the paved portion of said highway onto and upon the shoulder thereof at a time and place where plaintiffs' intestate was occupying same.

"(d) In the defendant, Caldwell, failing and refusing to apply his brakes and stop his automobile before striking plaintiffs' intestate.

"(e) In the defendant, Caldwell, failing and refusing to give any warning to plaintiffs' intestate.

"(f) In the defendant, Caldwell, failing and refusing to use any precautions whatsoever to avoid running into and striking plaintiff's intestate.

"(g) In both defendants failing and omitting to keep their automobiles under proper control.

"(h) In both defendants failing and omitting to keep a proper lookout.

"(i) In both defendants failing and omitting to take any precautions or use any due care in order to prevent said collision and the resulting death of the plaintiffs' intestate.

"(j) In the defendant, Smith, failing and refusing to dim and blink the lights on his automobile when meeting the automobile driven by the defendant, Caldwell.

"(k) In the defendant, Smith, failing and refusing to dim the lights on his automobile in violation of the Statutory Laws of the State of South Carolina.

"(l) In the defendant, Smith, blinding the defendant, Caldwell, thereby causing him, the said Caldwell to drive

his automobile off the paved portion of said highway into and upon the plaintiffs' intestate on the shoulder thereof."

The answer sets up a general denial and contributory negligence in that plaintiffs' intestate's fatal injuries were due and occasioned by his own willful, wanton, negligent and reckless acts and conduct in stepping, while in an intoxicated condition, in front of appellant's vehicle on a much traveled highway in the nighttime.

After receiving affidavits to support the contentions of the respective parties and hearing arguments by counsel, the presiding Judge denied the motion, holding that the defendant, Smith, is a bona fide defendant and a resident of the County of Hampton.

In considering a motion of this nature, the Court will inquire into the facts of the case sufficiently to determine the probability of the defendant being material when venue is dependent upon such defendant, *White v. Nichols,* 190 S. C. 45, 1 S. E. (2d) 916; and the Judge before whom the motion is made sits as both Judge and jury. *Rosamond v. Lucas-Kidd Motor Co., Inc.,* 183 S. C. 544, 191 S. E. 516; *Warren v. Padgett,* 225 S. C. 447, 82 S. E. (2d) 810.

The affidavits filed by various parties before the hearing Judge were in many respects conflicting. Appellant, Caldwell, a resident of the County of Colleton, stated that at the time and place in question, he was involved in an accident which resulted in the death of one Gus Drawdy, a pedestrian; that he was traveling in an easterly direction on Highway 28, at about 10:30 p. m., when the deceased while intoxicated walked directly in the path of his automobile, which was being operated at approximately 30 m. p. h.; that at the time he was meeting a car traveling in a westerly direction; that the driver of this car, realizing there had been an accident, also stopped and that he was a white man unknown to him and not the co-defendant, Thomas Smith, a Negro.

The defendant, Thomas Smith, stated that he is a resident of Hampton County; that on the date in question while driving along Highway 28, he noticed the deceased walking along the left-hand side of the road; he shortly thereafter passed a car traveling toward Yemassee. He further states that as he passed the car, he noticed through the rear view mirror that the brake lights on the car he had just passed came on but not knowing that an accident had occurred proceeded to a nearby filling station where someone informed him shortly thereafter that one Drawdy, the deceased, had been injured. He further states that at the time of the meeting of the car, he was driving on the right side of the highway and his lights were on dim.

Mr. W. L. Rhodes, Jr., stated that he is attorney for appellant and is personally acquainted with the co-defendant, Smith; that he has investigated the circumstances of the accident and that he is informed and believes that the driver of the other car was a white man rather than a Negro; that Smith is a servant or domestic employee of one of the attorneys for respondents and would not be responsive to a monetary judgment obtained against him.

Mr. Clyde Eltzroth, another attorney for respondents, made oath that he was present at Hampton, South Carolina, on December 19, 1954, and heard the appellant, Caldwell, state that he had struck the intestate, Gus Drawdy, with his car on the night of December 18, and gave as his reason for not seeing the intestate until immediately before the impact that he was meeting another car and was blinded by the lights; that as a result of his investigation, he ascertained that the automobile which appellant, Caldwell, met was driven by the defendant, Smith; that at the time Caldwell made no statement as to who or what type of person was driving the car which he met and that in his opinion the defendant, Smith, may be able to respond to judgment.

Another affiant, Jimmy Moore, states that on the day in question, he was riding in an automobile driven by one

Thomas Smith, of Varnville, along Highway 28, in a westerly direction, when he saw the deceased walking along the South shoulder of the highway, going in an easterly direction; shortly thereafter they met an automobile which was also traveling in an easterly direction at a high rate of speed; that he and the defendant, Smith, stopped at a filling station in Varnville and learned a few minutes thereafter that the deceased had been struck by a car. He further states, "* * * we did not meet any other motor vehicle nor were we followed by any vehicle."

The ability or inability to respond to a monetary judgment has no value in determining the venue of a case except that it may be considered by the hearing Judge in deciding the question of whether or not such defendant is a *bona fide* or *mala fide* defendant, *Warren v. Padgett, supra;* and the finding by the hearing Judge that the defendant, Thomas Smith, is a *bona fide* defendant and a resident of Hampton County will not be disturbed by this Court as it does not appear to be manifestly wrong under the circumstances heretofore related.

We are of the opinion that the Order appealed from should be affirmed and it is so ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.