### 17380

William N. DOSS, Respondent, v. DOUGLASS CONSTRUCTION COMPANY, a Corporation, and Ernest L. Cook, Appellants. Marjorie T. DOSS, Respondent, v. DOUGLASS CONSTRUCTION COMPANY, a Corporation, and Ernest L. Cook, Appellants

(101 S. E. (2d) 661)

*Messrs. Herbert & Dial,* and *Belser & Belser,* of Colum-
bia, for Appellants,

*Messrs. A. Frank Lever, Jr.,* and *E. Pickens Rish,* of Lexington, *for Respondents,*

*Messrs. Herbert & Dial* and *Belser & Belser,* of Columbia, *for Appellants,*

January 16, 1958.

TAYLOR, Justice.

Respondents, husband and wife, brought separate actions in the Court of Common Pleas for Lexington County against appellant Douglass Construction Company for dam-

ages alleged to have been sustained by reason of the car in which they were riding being involved in a collision with a truck owned by Douglass Construction Company and driven by appellant, Earnest L. Cook, in Richland County. The original summons and complaints named as defendant Douglass Construction Company, a Corporation, and service was had by serving an agent and servant of appellant company in Lexington County.

Prior to the expiration of the twenty days and before the defendant, Douglass Construction Company, answered or any notice was served upon respondents in the matter, respondents, on April 26, 1957, caused to be served upon the appellant, Earnest L. Cook, an amended summons and amended complaint in each action. The following day, April 27, 1957, appellant Douglass Construction Company, served motions by mail for a change of venue in the original summonses and complaints and at the same time subject to said motions answered the original summonses and complaints both of which were received by respondents' counsel on April 29, 1957, and acknowledged as of May 1, 1957. On the same day, May 1, 1957, Douglass was served personally with amended summons and amended complaint in each action. Thereafter, appellant Cook served motions for change of venue and answered subject to said motions. Douglass served motions to dismiss the pleadings denominated "amended summons" and "amended complaint" in each action and answered subject to such motions.

Appellants contend, first, that the amended summonses and the amended complaints were without Order of the Court and, therefore, void; second, that Douglass Construction Company is not a corporation but a trade name under which W. F. Douglass is doing business and that said W. F. Douglass is a resident and citizen of Richland County, and therefore entitled to trial in the county of his residence; third, that the place of trial should be changed from Lexington County to Richland County for the convenience of witnesses and the promotion of the ends of justice. Judge Gren-

eker, in a single Order applicable to both cases, dismissed all motions.

Section 10-691, Code of Laws of South Carolina, 1952, provides:

"Any pleading may be once amended by the party of course, without costs, and without prejudice to the proceedings already had at any time within twenty days after it is served or at any time before the period for answering it expires. It may be so amended at any time within twenty days after the service of the answer or demurrer to such pleading unless it be made to appear to the court that such amendment is made for the purpose of delay and that the plaintiff or defendant will thereby lose the benefit of a circuit or term for which the cause is or may be docketed and if it appear to the court that such amendment was made for such purpose the same may be stricken out and such terms imposed as to the court may seem just."

Section 10-692, Code of Laws of South Carolina, 1952, provides:

"The court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by (a) adding or striking out the name of any party, (b) correcting a mistake in the name of a party or a mistake in any other respect, (c) inserting other allegations material to the case, or (d) when the amendment does not change substantially the claim or defense, conforming the pleading or proceeding to the facts proved."

This Court in *Lane v. Home Insurance Company,* 190 S. C. 84, 2 S. E. (2d) 30, 32, used the following language which is apropos here in disposing of a similar question:

"The appellant takes the position that a pleading under section 493 (now Section 10-691, Code of Laws of South Carolina, 1952) of the Code can be amended only as to the allegations thereof, and that it requires an order from the Court under section 494 (now Section 10-692, Code of Laws

of South Carolina, 1952) of the Code to enable a plaintiff to add to or strike out the name of any party to the suit. When the two sections are read together, it will readily be seen that section 494 supplies a method of amending after the time had expired in which a pleader has the right to amend of course; and this Court has held that section 493 is not limited in its application by the terms of section 494." (Parentheses added.)

It is apparent to us that the hearing Judge did not err in holding that Respondents had the right to amend as a matter of course to include a new party defendant.

Respondents conceded that Douglass is doing business under the trade name of Douglass Construction Company and that he is a resident of Richland County but insists that they, proceeding under Section 10-303, Code of Laws of South Carolina, 1952, were within their rights in bringing this action in either Lexington or Richland County, the language of this Section being:

"In all other cases the action shall be tried in the county in which the defendant resides at the time of the commencement of the action. If there be more than one defendant then the action may be tried in any county in which one or more of the defendants to such action resides at the time of the commencement of the action. If none of the parties shall reside in the State the action may be tried in any county which the plaintiff shall designate in his complaint. This section is subject however to the power of the court to change the place of trial in certain cases as provided by law."

In order for movant to prevail in a motion for change of venue upon the ground that the convenience of witnesses and the promotion of the ends of justice would be promoted thereby, it must be shown that both the convenience of witnesses and the ends of justice will be promoted by the change. *Utsey v. Charleston, S. & N. R. Co.,* 38 S. C. 399, 17 S. E. 141; *McCarty v. Bolick,* 216 S. C. 396, 58 S. E. (2d) 338; *Holden v. Beach,* 228 S. C. 234, 89

S. E. (2d) 433; *McCauley v. McLeod*, 230 S. C. 380, 95 S. E. (2d) 611. Motions of this character are addressed to the discretion of the lower Court, and its ruling on such matters will not be disturbed unless it appears from the facts presented that the Court committed a manifest abuse of a sound judicial discretion. *Patterson v. Charleston & W. C. R. Co.*, 190 S. C. 66, 1 S. E. (2d) 920; *Wilson v. Southern Furniture. Co*, 224 S. C. 281, 78 S. E. (2d) 890; *Griffin v. Owens*, 171 S. C. 276, 172 S. E. 221; *Wade v. Southern R. Co.*, 186 S. C. 265, 195 S. E. 560; *Sample v. Bedenbaugh*, 158 S. C. 496, 155 S. E. 828; *Simmons v. Cohen, supra; Holden v. Beach, supra;* and *McCauley v. McLeod, supra.* The ability or inability of a defendant to respond to a monetary judgment has no value in determining the venue of a case except that it may be considered by the hearing Judge in deciding the question of whether or not such defendant is a *bona fide* or *mala fide* defendant. *Warren v. Padgett*, 225 S. C. 447, 82 S. E. (2d) 810; *Belger v. Caldwell*, 231 S. C. 335, 98 S. E. (2d) 758.

Appellant Cook, the driver of the truck at the time of the collision, is a resident of Lexington County, and it has been repeatedly held that a jury of the vicinage passing upon the credibility of witnesses is in itself a promotion of justice. *Utsey v. Charleston, S. & N. R. Co., supra; Simmons v. Cohen, supra; Holden v. Beach, supra; McCauley v. McLeod, supra; Perdue v. Southern Railway Company*, S. C., 101 S. E. (2d) 47.

The Circuit Judge who sat as both Judge and Jury found against appellants' contention, and it cannot be said that in doing so he manifestly abused his sound judicial discretion.

For the foregoing reasons, we are of the opinion that all exceptions should be dismissed and the Order appealed from affirmed, and It Is So Ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.