17567

SOUTH CAROLINA ELECTRIC & GAS COMPANY et al., Respondents, v. AETNA INSURANCE COMPANY et al., Appellants. SOUTH CAROLINA ELECTRIC & GAS COMPANY et al., Respondents, v. AGRICULTURAL INSURANCE COMPANY et al., Appellants.

(110 S. E. (2d) 165)

*Messrs. Joseph L. Nettles, Belser & Belser,* and *Robinson, McFadden & Dreher,* of Columbia, *for Appellants,*

*Messrs. Arthur M. Williams, Jr., Cooper & Gary,* and *McLain & Sherrill,* of Columbia, *for Respondents,*

150

*Messrs. Joseph L. Nettles, Belser & Belser,* and *Robinson, McFadden & Dreher,* of Columbia, *for Appellants, in Reply,*

August 14, 1959.

OXNER, Justice.

Each of these cases is here on appeal from an order of the Circuit Court refusing a motion by defendants for a change of venue from Lexington County to Richland County, upon the ground that "the convenience of witnesses and the ends of justice would be promoted by the change". Code of 1952, Section 10-310(3).

The first action named in the title was instituted in Lexington County on May 15, 1953 by South Carolina Electric & Gas Company against 38 defendant fire insurers, alleging that they had breached their respective insurance contracts by failing to pay losses arising out of an alleged fire, occurring on June 27, 1950, in one of plaintiff's generators at its Saluda hydro-electric station in Lexington County. Plaintiff claimed that it had sustained loss within the coverage of said policies and sought to recover same.

After issues had been joined, the case came before us on the question of proper parties plaintiff and a motion by defendants to require plaintiff to produce certain documents. *South Carolina Electric & Gas Company v. Aetna Life Insurance Co.,* 230 S. C. 340, 95 S. E. (2d) 596. As a result of this decision, Lloyd's of London was added as a party plaintiff. Later the case was tried on its merits, resulting in a verdict in favor of the plaintiffs for $138,000.00. The trial Judge granted a new trial on the issue of damages only but on appeal to this Court it was held that there should be a new trial as to both liability and damages. 233 S. C. 557, 106 S. E. (2d) 276.

The second action above entitled was instituted by the South Carolina Electric & Gas Company in Lexington

County on July 6, 1956. Plaintiff there claimed damages to a generator occurring on June 17, 1954. This second action, which has not yet been tried, is similar to the first except that Lloyd's of London is not a party.

On January 22, 1959, defendants moved in each case to change the venue from Lexington County to Richland County. The motions were denied by the presiding Judge in separate orders filed on March 31, 1959. This appeal followed.

Section 10-307 of the 1952 Code permits an action against any insurance company doing business in this State to "be brought in the county where the loss occurs", subject to the right of the Court to change the place of trial for any of the causes specified in Section 10-310. The losses in these cases having occurred in Lexington County, there can be no doubt of the right of the respondents to bring suit in that county. *Padgett v. Calvert Fire Insurance Co.,* 221 S. C. 166, 69 S. E. (2d) 565. While the only ground asserted by appellants in the notice of their motion to change the venue is that the convenience of witnesses and the ends of justice would be promoted by changing the trial to Richland County, Subdivision 3 of Section 10-310, it is also claimed in the affidavit of one of appellant's counsel in support of said motion that a fair and impartial trial cannot be obtained in Lexington County. Subdivision 2 of Section 10-310. We shall first discuss the ground stated in the notice.

It seems to be conceded that the witnesses on another trial will be substantially the same as those who testified at the first trial. From the affidavits upon which the motions were heard, it appears that of the 19 witnesses who testified at the first trial, 7 are non-residents, 5 are residents of Lexington County, and 7 are residents of Richland County. Of those now living in Richland County, two formerly resided in Lexington County. All of the Richland County witnesses made affidavits to the effect that it would be no more inconvenient or burdensome for them to attend court in Lexington County than in Richland County. This is understanda-

ble in view of the fact that the distance between Lexington and Columbia, the county seat of Richland County, is only thirteen miles. There is no statement by any witness that he would be inconvenienced by attending court in Lexington County. The only showing by appellants is contained in the affidavit of one of their attorneys.

It is well settled that a motion of this kind is addressed to the discretion of the Judge who hears it, and his decision will not be disturbed by this Court except in a case of manifest error. Among the more recent cases to this effect are *Herndon v. Huckabee Transport Corporation*, 231 S. C. 364, 98 S. E. (2d) 833; *Perdue v. Southern Railway Co.*, 232 S. C. 78, 101 S. E. (2d) 47; *Doss v. Douglass Construction Co.*, 232 S. C. 261, 101 S. E. (2d) 661. Clearly there was no manifest abuse of discretion on the part of the Circuit Judge in holding that appellants had failed to show that the convenience of witnesses would be promoted by changing the place of trial to Richland County.

It is charged that the Court erred in concluding that the ends of justice would be promoted by having a jury from Lexington County pass upon the credibility of the witnesses from that county. Appellants say that there is no issue as to their credibility and that the facts stated by them on the last trial were not disputed. Assuming that the Court below erred in holding that appellants had not met the requirement as to the ends of justice, a reversal would not follow because the burden was upon appellants to show *both* the convenience of witnesses and the ends of justice would be promoted by changing the place of trial. *Sample v. Bedenbaugh*, 158 S. C. 496, 155 S. E. 828; *Tucker v. Ingram*, 187 S. C. 525, 198 S. E. 25; *Gregory v. Powell*, 206 S. C. 261, 33 S. E. (2d) 629; *Perdue v. Southern Railway Co., supra*, 232 S. C. 78, 101 S. E. (2d) 47; *Doss v. Douglass Construction Co., supra*, 232 S. C. 261, 101 S. E. (2d) 661.

There remains appellants' contention that a fair and impartial trial cannot be had in Lexington County. We shall assume that this ground was included in their motions for a change of venue.

One of appellants' counsel states in his affidavit that the South Carolina Electric & Gas Company "is the largest property holder and the largest taxpayer in said Lexington County" and has "long carried on a successful policy of enlisting the support and favor of the public of Lexington County in behalf of said Company". These facts are conceded by respondents who also say that this Company is the second largest taxpayer in Richland County. One of respondents' counsel states in his affidavit that the Electric & Gas Company has enlisted the support and good will of the public in every county in which it operates by rendering prompt and courteous service, cooperating in community and civic projects and aiding in the industrial development of the territory served.

The fact alone that a party to an action is popular, influential or enjoys a good reputation is ordinarily not sufficient to warrant a change of venue. *Huckle v. Speranza,* Sup., 31 N. Y. S. (2d) 901; *Louisville & Nashville Railroad Co. v. Netherly,* 160 Ky. 369, 169 S. W. 883; *Bennett v. Jackson,* Tex. Civ. App., 172 S. W. 395, 398; 92 C. J. S. Venue § 144, p. 855. As stated in *Bennett v. Jackson, supra*: "A good name ordinarily is and rightfully should be a benefit rather than a burden to its bearer by virtue of which he should be protected rather than penalized". We do not think it was held otherwise in *Johnston v. Belk-McKnight Co. of Newberry, S. C.,* 194 S. C. 490, 10 S. E. (2d) 1, 2, cited by appellants. It was there stated that prejudice existing in the county from which removal is sought need not be directed solely against the applicant for change of venue but may "exist in favor of the opposing litigant such as to prevent the applicant from receiving a fair and impartial trial." The opinion does not disclose the cause of the prejudice which there existed in favor of the party op-

posing the change of venue. It may not have been due to mere popularity or a good reputation.

Lastly, appellants argue that the excessive verdict rendered by the jury on the first trial indicates that such passion and prejudice exist in Lexington County as to prevent a fair and impartial trial in that county. It is claimed that the verdict of $138,000.00 represents the entire cost of a new set of stator coils with interest, without any allowance for depreciation and in disregard of the fact that all these coils were not damaged or destroyed. Particular attention is called to the following portion of the order granting a new trial: "I do not regard this as a proper case for an order for a new trial *nisi*. It is not merely an over-liberal verdict. The defendants have not had the benefit of the considered judgment of the jury as to the actual cash value of the old coils. To this they are entitled." In a subsequent order refusing plaintiffs' motion that the order be amended by ordering a new trial *nisi*, the trial Judge said: "The views of able counsel for the plaintiffs as to the amount of recoverable damages in this case are so far in excess of my own, that there is little, if any, likelihood that anything would be accomplished by granting plaintiffs' motion for an order *nisi* as to damages. I am not disposed to grant such an order."

The trial Judge did not say that the verdict was the result of passion and prejudice. Other circumstances could have brought about an excessive verdict, such as a misapprehension of the testimony or misunderstanding of the charge as to the measure of damages. But be that as it may, it does not necessarily follow from the fact that one jury rendered a grossly excessive verdict that such prejudice exists throughout the county as to require a change of venue. The only supporting affidavit is by one of appellants' counsel, a resident of Richland County, whose opinion that a fair and impartial trial could not be had in Lexington County was obviously a mere conclusion from the facts that we have discussed. It is significant that no resident of Lexington County or other person familiar with local conditions has stated that appellants could not get a fair and impartial trial in that county.

A motion for change of venue on the ground that an impartial jury cannot be obtained is addressed to the discretion of the Court. *State v. Mouzon,* 231 S. C. 655, 99 S. E. (2d) 672. We cannot say from this record that the refusal of appellants' motion on this ground constituted a clear abuse of discretion.

Both orders appealed from are affirmed.

STUKES, C. J., and TAYLOR, LEGGE and Moss, JJ., concur.